**MERRITT–CHAPMAN & SCOTT CORPORATION**

v.

**ELGIN COAL, INC., et al.**

**Civ. A. No. 6339.**

United States District Court,
E. D. Tennessee, S. D.

Aug. 23, 1972.

Martin S. Stolzoff, Beverly Hills, Cal., Kenneth D. Higgins, Athens, Tenn., Vivienne W. Nearing, Stroock, Stroock & Lavan, New York City, for plaintiff.

Jerome C. Ables, William M. Ables, Jr., South Pittsburg, Tenn., Sizer Chambliss, Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action based upon the following legal theories: (1) malicious prosecution, (2) abuse of civil process, (3) conspiracy to commit fraud and abuse legal process, and (4) violation of an attorney's oath and public duty. The case is presently before the Court upon the motion of defendant for summary judgment. As regards that motion, the following matters appear undisputed in the record. There is presently pending in the Chancery Court of Marion County, Tennessee the case of Merritt-Chapman & Scott Corporation v. Elgin Coal, Inc., No. 3047. In the course of that litigation a cross claim was filed by the defendant, Elgin Coal, Inc., seeking both compensatory and exemplary damages in excess of $4,000,000. The cross claim alleged that a certain contract and agreement of sublease failed to reflect certain key portions of the actual agreement between the parties and further alleged that defendant had been induced to sign the sublease on the representation that the omitted material would be incorporated into the sublease. Further, it was alleged that there was a meeting between the parties for the purpose of preparing a memorandum of the changes but that these changes were never given effect due to the wrongful conduct of plaintiff. Certain exhibits were attached to the cross claim, which exhibits were alleged to have been drawn up by the plaintiff and agreed upon by the parties to be incorporated into the sublease.

This cross claim was subsequently settled by an agreement on or about April 12, 1971, and an order dismissing the cross claim with prejudice was entered on that date. A copy of the settlement agreement is attached to the affidavit of W. M. Ables, Jr. (See Affidavit in Support of Motion to Dismiss) and a copy of the order of dismissal is made an exhibit to a former motion to dismiss. Following dismissal of the state court cross claim on April 12, 1971, suit was instituted in this court upon September 7, 1971, at a time when the original action in the state court remained pending and undisposed of.

The defendants Varnell and Ramsey are officers, directors and stockholders of defendant Elgin Coal, Inc. Defendant Ables is an officer of Elgin Coal and the attorney of record in the chancery suit. Defendant Graham is the executrix of her husband's estate, who was the president, a stockholder and a director in Elgin Coal.

The defendants' motion for summary judgment is based upon the single ground "that the suit upon which this case is based was settled." Although defendants contend that this motion relates to the entire complaint, the Court is of the opinion the motion relates only to the malicious prosecution allegations of the complaint as principally set forth in the first count of the complaint.

In an action for damages based upon a malicious prosecution the complaint must allege facts which show the institution of a prior action by the defendant with malice and without probable cause. Further it must be alleged that the prior action was terminated favorably to the plaintiff. The defendants contend that this prior action was not terminated in plaintiff's favor because a settlement agreement was entered into between the parties.

Although not raised by the defendants, the question of whether an action for malicious prosecution may be based

upon the filing of a cross claim must first be resolved. There is a lack of controlling authority upon this issue. See Slee v. Simpson, 91 Colo. 461, 15 P.2d 1084, 85 A.L.R. 412 (1932); Annotation, 85 A.L.R. 415 (1933).

The Court is of the opinion that where a defendant maliciously and without probable cause files or causes to be filed a cross claim or other related action, an action for malicious prosecution may be founded upon that claim. Slee v. Simpson, *supra*.

As regards the defendants' contention that no malicious prosecution action will lie in light of the disposition of the state court cross claim by settlement, it is often stated as a general rule that ". . . a termination of the suit by way of compromise and settlement is not sufficient to support the cause of action." Prosser, Torts, 4th Ed. at 854 (1971). See also Baird v. Aluminum Seal Company, 250 F.2d 595, 601–602 (3rd Cir. 1957); 52 Am.Jur.2d, "Malicious Prosecution," §§ 43, 211–212. However, the plaintiff contends that the settlement agreement entered into between the parties was so "one-sided" as to be ineffective to invoke the general rule. The plaintiff interprets the settlement agreement as dismissing defendants' $4,000,000 cross claim upon payment by the plaintiff of $24.75 court costs. With regard to other provisions in the settlement agreement, the plaintiff contends that these are totally unrelated to the dismissal of the cross claim and in effect constituted a separate understanding between the parties.

In interpreting the settlement agreement, as with any other written contract, a question of law is presented to the Court.

The agreement here in question provided for the dismissal of the cross claim, for the cancellation of certain subleases, for the payment of certain funds, for the closing of certain mines and for the vacating by the defendant of the leasehold within 30 days. Further, the plaintiff was to pay the court costs involved in the cross claim. These are all matters which the parties considered to their mutual advantage, as evidenced by their respective execution of the settlement agreement. Accordingly, it appears unto the Court that the agreement entered between the parties is a single agreement and was based upon adequate consideration. It further appears that it would operate to bar plaintiff's claim for malicious prosecution under Tennessee law.

Although, as interpreted by the Court, the defendants' motion for summary judgment is directed only to the malicious prosecution allegations in the complaint, a motion to dismiss for failure to allege a cause of action was previously before the Court. At the time that motion was before the Court, all argument upon the motion was directed to the malicious prosecution allegations in the complaint. The Court, finding an action for malicious prosecution to have been alleged, denied the motion to dismiss. In the light of the present motion for summary judgment, and upon further consideration of the motion to dismiss as it pertains to the remaining counts of the complaint, the Court is of the opinion that insofar as the second count purports to allege a cause of action for malicious prosecution, the defendants' motion for summary judgment should be sustained as to that count, also, for the reasons heretofore stated. Insofar as the second count purports to allege a cause of action for abuse of process, it fails to state facts sufficient to state a cause of action. The second count merely reasserts the plaintiff's malicious prosecution theory and adds thereto that the defendants "set in motion the legal processes of the court" and that such action constituted an abuse of process. To the extent that the complaint purports to allege malicious use of the processes of the law, it alleges only an action for malicious prosecution. See 1 Am.Jur.2d, "Abuse of Process" § 2. To the extent that the complaint purports to allege an abuse of legal process, it fails to allege the use of any legal proc-

ess. Rather, it alleges only the malicious filing and prosecution of a cross complaint. In ascertaining whether a cause of action for abuse of the legal processes has been alleged, a distinction should be noted between the use of legal "proceedings" and the abuse of legal "process," the former referring to the use of a judicial or quasi judicial remedy and the latter referring to the use of a writ, order, or command of the Court in the course of a judicial proceeding. It is only where a legal writ or process is willfully perverted so as to accomplish a result not commanded by it or lawfully obtainable under it that an action will lie for abuse of process. 1 Am.Jur.2d, "Abuse of Process," § 2. The issuance of process, although maliciously accomplished, gives rise only to an action for malicious prosecution, not to an action for abuse of the legal process.

In Priest v. Union Agency et al., 174 Tenn. 304, 125 S.W.2d 142 (1939), the Court, after distinguishing abuse of process from malicious prosecution, by stating that "the former lies for the improper use of process after it has been issued, not for maliciously causing process to issue," stated that the test to determine whether there is an abuse of process is

" . . . [W]hether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do." 174 Tenn. at 306–307, 125 S.W.2d at 143–144.

As stated by Prosser,

"The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the proceess is required; and there is no liability where the defendant has

done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Prosser, Torts, 4th Ed., at 857.

See also, Priest v. Union Agency et al., *supra.*

In this regard, the general rule is stated to be:

"If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, there is no abuse, even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim [footnotes omitted]." 1 Am. Jur.2d, "Abuse of Process" § 13.

The Court is of the opinion that the complaint fails to allege facts sufficient to state a claim for abuse of process.

The third count of the complaint reasserts all matters in the first count and further purports to allege a cause of action for conspiracy to "obtain money from the plaintiff by false and fraudulent pleading and through a wrongful use of the court's processes." To the extent that the third count purports to allege a cause of action for conspiracy to commit malicious prosecution, it is subject to dismissal upon the defendants' motion for summary judgment and for the reasons heretofore stated in regard to the first count.

To the extent that the third count purports to allege a cause of action for conspiracy to abuse process, it is subject to be dismissed for failure to state a cause of action and for the reasons heretofore stated in regard to the second count.

To the extent that the third count purports to allege a cause of action for conspiracy to defraud the plaintiff, the complaint fails to allege facts sufficient to state a cause of action for fraud. An essential element of an action for fraud is deception of the plaintiff and reasonable reliance thereon by the plaintiff. The complaint herein makes no allegation of any deception of the plaintiff nor of any reliance by the plaintiff there-

on, but affirmatively reflects that the plaintiff was at all times aware of the falsity of the defendants' cross claim.

■ As to the fourth count of the complaint, the Court is of the opinion that it fails to state a claim upon which relief may be granted. The essence of the plaintiff's allegation in the fourth count is that Mr. Ables, as attorney for Elgin Coal, Inc., filed a cross claim "alleging facts which he personally knew to be false . . . " thereby violating his oath as an officer of the Court and breaching his duty not to practice deception upon the public or upon the courts. This allegation fails to state a claim for monetary damages actionable by a private litigant in the position of the plaintiff. While an attorney may, under proper circumstances, be civilly liable for malicious prosecution (52 Am. Jur.2d, "Malicious Prosecution," § 64), no such action is here alleged, nor could it stand in the face of the defendants' motion for summary judgment.

■ As for the allegation made in the fourth count of false testimony having been given by the defendant Ables, no private action for civil damages will lie even though false testimony is maliciously given and with knowledge of its falsity. For reasons of public policy the testimony of a witness is absolutely privileged when it is given in a judicial proceedings and is relevant to some issue therein. Restatement of Torts, § 588. See also Annotation: "False Testimony—Civil Conspiracy," 31 A.L.R.3d § 2. The remedy for the giving of false testimony is the public remedy of prosecution for perjury or punishment for contempt, not the private remedy of damages.

■ For substantially the same reason a private action for civil damages for alleged breach of an attorney's oath by the filing of a false claim would not lie. The remedy for such a breach is a public one and not a private one. While, as indicated above, under proper circumstances an action might lie against an attorney for malicious prosecution, fraud or abuse of process by the false initiation and prosecution of litigation, apart from such circumstances, no private action for civil damages will lie for an alleged breach of an attorney's oath in the filing of a false claim. No authority has been cited by the plaintiff in support of its claim in this regard. Rather, the plaintiff relies upon the analogy that a civil action will generally lie for breach of a statutory duty. The statutory duty here alleged to be involved is not cited, but apparently it is Section 29–108, T.C.A., dealing with the procedure for admission to the practice of law and the oath required therein. The remedy for the breach of the oath therein provided is a public one, not a private one.

Having concluded that there is no issue of fact but that the parties entered into an agreement compromising and dismissing the state court cross claim now alleged to have been maliciously prosecuted, the motion for summary judgment must be sustained as to the malicious prosecution theory of this lawsuit. Having further concluded that the plaintiff's complaint fails to allege facts sufficient to constitute any cause of action other than malicious prosecution, this lawsuit will stand dismissed.