655 F.Supp. 1571 (1987)
Thomas TEW, as Receiver for E.S.M. Group, Inc. and E.S.M. Financial Group, Inc. and as Trustee for the Estate of E.S.M. Government Securities, Inc., Plaintiff,
v.
ARKY, FREED, STEARNS, WATSON, GREER, WEAVER & HARRIS, P.A., and Eugene E. Stearns, Defendants.
No. 85-6898-CIV.
United States District Court, S.D. Florida, Fort Lauderdale Division.
February 26, 1987.
*1572 Lawrence Kellogg, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Miami, Fla., for plaintiff.
Keith F. Bode, David P. Sanders, Russ M. Strobel, Richard P. Steinken, Jenner & Block, Chicago, Ill., Rex Conrad, Conrad, Scherer & James, Fort Lauderdale, Fla., for defendants.

JUDGMENT ORDER
GONZALEZ, District Judge.
Defendant Eugene E. Stearns has moved pursuant to Fed.R.Civ.P. 56 for summary judgment in his favor on Count IV of the Amended Complaint, the only count brought against Mr. Stearns personally. The court has considered the briefs, affidavits, deposition testimony, and exhibits submitted by the parties, as well as the arguments of counsel. The court finds that there is no genuine issue of material fact and that Mr. Stearns' motion for complete summary judgment must be granted as a matter of law. Mr. Stearns owed no legal duty to advise ESM's auditors, Alexander Grant & Co. ("Grant"), of his alleged knowledge of ESM's[*] financial problems.
An attorney's responsibility with respect to responses to auditor's inquiries is governed by the American Bar Association "Statement of Policy Regarding Lawyer's Responses to Auditor's Request For Information" ("ABA Statement"). The preamble of the ABA Statement reads: "The public interest in protecting the confidentiality of lawyer-client communications is fundamental." The remainder of the ABA Statement is designed with this fundamental interest in mind. In this case, "[t]hat [confidentiality] is the whole law; the rest is mere commentary." Hillel, Pirke Avot (Ethics of the Fathers) quoted in 14 Encyclopedia Americana 197 (1984).
The ABA Statement provides that a lawyer's response to an auditor's inquiry "is properly limited to matters which had been given substantive attention by the lawyer in the form of legal consultation, and, where appropriate legal representation ..." ABA Statement, Paragraph 2. Indeed, the Commentary to Paragraph 2, which is an integral part of the ABA Statement, states that a lawyer's response "should not include information concerning the client which the lawyer receives in another role." The ABA Statement also provides that an attorney is authorized to disclose information to his client's auditors only where the client has both "specifically identified" "in the [audit] inquiry letter or supplement thereto" a particular unasserted claim or assessment, and has "specifically requested" comment by the attorney on that unasserted claim or assessment. ABA Statement, Paragraph 2.
The requirement that the client both specifically identify and specifically request comment on the unasserted claim or assessment in the audit inquiry letter is predicated on the ABA Statement's fundamental concern with preserving the confidentiality of attorney-client communications. Under the ABA Statement, an attorney has no duty "to investigate ... legal problems of the client, even when on notice of some facts which might conceivably constitute a legal problem...." ABA Statement, Commentary to Paragraph 2.
Here, there is no evidence that ESM ever retained Mr. Stearns to devote substantive attention to its financial problems. In fact, the record in this case establishes without question that Mr. Stearns did virtually no work at all for ESM. Accordingly, even under the ABA Statement, it is patently clear as a matter of law that Mr. Stearns owed no legal duty to disclose. Having rendered almost no services to ESM  and never having been retained by ESM regarding its financial problems  Mr. Stearns simply cannot be sued for legal *1573 malpractice for not disclosing his alleged knowledge of ESM's financial problems. In addition, there is no evidence that ESM ever identified its financial problems in its auditor's inquiry letters or requested comment thereon.
The plaintiff also relies upon the Disciplinary Rule 7-102(B) of the Florida Code of Professional Responsibility to support his negligence theory against Mr. Stearns. Plaintiff's reliance on DR 7-102(B) is misplaced. The Florida Supreme Court has plainly stated: "Violation of a [disciplinary] rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached.... [The rules] are not designed to be a basis for liability.... Accordingly, nothing in the rules should be deemed to augment any substantive duty of lawyers or the extra-disciplinary consequences for violating such duty." Preamble to Chapter 4: Rules of Professional Conduct.
The plaintiff has failed to cite any case holding that the Disciplinary Rules create a private cause of action, and this Court is aware of none. Numerous cases hold that the Disciplinary Rules do not create a private cause of action. See e.g., Bickel v. Mackie, 447 F.Supp. 1376, 1383 (N.D.Ia.1978), aff'd mem., 590 F.2d 341 (8th Cir.1978); Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc., 358 F.Supp. 17, 22 (E.D.Tenn.1972), aff'd, 477 F.2d 598 (6th Cir.1973); Noble v. Sears, Roebuck & Co., 33 Cal.App.3d 654, 109 Cal.Rptr. 269, 271-72 (1973). Thus, it is clear as a matter of law that DR 7-102(B) imposed no legal duty upon Mr. Stearns for the breach of which he may be held liable.
The court has considered the plaintiff's remaining factual and legal arguments and finds them insufficient to defeat Mr. Stearns' motion for summary judgment. The court hereby enters final judgment dismissing with prejudice Count IV of the Amended Complaint and this action against Eugene E. Stearns, and awards Mr. Stearns his costs of suit herein. The court expressly finds pursuant to Fed.R.Civ.P. 54(b) that there is no just reason for delay and expressly directs entry of this final judgment of dismissal with prejudice of the entire claim against Mr. Stearns.
NOTES
[*] Unless otherwise indicated herein, the term "ESM" refers to E.S.M. Government Securities, Inc., E.S.M. Group, Inc. and E.S.M. Financial Group, Inc.