PRIEST *v.* UNION AGENCY *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed March 4, 1939.

Jos. J. LUTIN, of Nashville, for plaintiff in error.

TRABUE, HUME & ARMISTEAD and DODSON BATSON, all of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit to recover damages for the malicious abuse of process, based upon the following facts: The defendants caused an execution to be issued and levied, by garnishment, upon the wages of plaintiff when, in fact, there was no judgment against him on which an execution could lawfully issue. As a result of this procedure, the wages of plaintiff, of which he was in great need, were impounded for some time, and until the garnishment proceeding was dismissed as a result of the activities of counsel which plaintiff was forced to employ. Defendants, in discharging the garnishment, stated that their action in the premises was the result of a mistake.

The trial court construed this action to be one for malicious prosecution of a civil suit, which, under section 9080 of the Code, could not be prosecuted *in forma pauperis*. Upon the refusal of plaintiff to execute a prosecution bond, the court, on motion, dismissed the suit. The court, for the same reason just stated, declined to permit

plaintiff to appeal the case to this court upon subscribing to the oath provided for poor persons. The case is before this court upon the petition of plaintiff for the issuance of a writ of *certiorari* to bring the case to this court for the purpose of having the judgment of the trial court reviewed and reversed.

■ It appears to us, from a careful reading of the declaration, that the gravamen of the offense charged is the malicious unlawful issuance of the execution. If, in fact, the execution had been lawfully issued, then the serving of same by garnishment would have been regular and would not constitute the offense of malicious abuse of process.

In *Sloan* v. *McCracken*, 75 Tenn. (7 Lea), 626, 627, it is said:

"The action is brought to recover damages for the wrongful suing out of the attachment in the original cause. Such an action is the common law action for the malicious prosecution of a civil suit, and is grounded upon malice and the want of probable cause."

Likewise, it occurs to us the present action is brought to recover damages for the wrongful suing out or issuance of the execution.

■ In 1 Am. Jur., Abuse of Process, section 3, page 176, it is said: "The distinctive nature of an action for abuse of process, as compared with an action for malicious prosecution, is that the former lies for the improper use of process after it has been issued, not for maliciously causing process to issue."

And on pages 178, 179, section 6, it is further stated:

"At the outset, it is to be observed that only where process is perverted, i. e., directed outside of its lawful course to the accomplishment of some object other than

that for which it is provided, may one become liable for misusing the process so as to be guilty of an abuse thereof. To constitute such improper direction of process, the mere existence of an ulterior motive in doing an act, proper in itself, does not suffice; there must be such a use of it as in itself is without the scope of the process, and hence improper. It would seem both from authority and from reason that to sustain the action two elements are essential, (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. The first of these elements may, perhaps, be inferred from the second, for if the act of the prosecutor is in itself regular, the motive, ulterior or otherwise, is immaterial. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law.

"The test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do."

In Cooley on Torts (3 Ed.), 355, the author says: "Two elements are necesary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process."

In 50 C. J., 614, 615, it is said:

"The gist of the tort or wrong consists in the unlaw-

ful use of a lawful process. In other words, the bad intent must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect, as where the process is perverted in the manner of its execution, or used to accomplish a collateral purpose not contemplated by law, or where a party is fraudulently induced to come within the jurisdiction of the court so as to render him or his property subject to its process; or, in the case of criminal process, where the process is executed in an oppressive and unlawful manner, or where it is used unlawfully to coerce plaintiff, such, for instance, as coercing him to pay a private debt. But mere arrest and detention under a lawful warrant, without any act amounting to misuse or oppression, is not an abuse of process. A legal and legitimate use of process, to effect the result which such process is designed by law to accomplish, is not an abuse thereof. Regular use of process cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent.''

█ It is apparent, therefore, that the wrong committed in this case was the unlawful issuance of process. The remedy for such an injury is an action for the malicious prosecution of a civil suit. If the execution had been lawfully issued, no action for abuse of process would lie because it was used in a regular and legitimate manner; and this is true even though the user was actuated by a wrongful motive.

For the reasons stated, the petition for writ of *certiorari* is dismissed.