## CLINTON COMMUNITY HOSPITAL CORPORATION, Appellant,

v.

## SOUTHERN MARYLAND MEDICAL CENTER et al., Appellees.

### No. 74–1688.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1975.

Decided Feb. 10, 1975.

Certiorari Denied June 23, 1975.

See 95 S.Ct. 2666.

William H. Manger, Baltimore, Md., for appellant.

Edmund B. Clark, Atty., U. S. Dept. of Justice (Wallace H. Johnson, Asst. Atty. Gen., George Beall, U. S. Atty., James M. Kramon, Asst. U. S. Atty., Carl Strass, Gary B. Randall and Lawrence E. Shearer, Attys., U. S. Dept. of Justice, on brief) for appellee Caspar Weinberger, etc., and others.

Paul M. Nussbaum, Mt. Rainier, Md. (Richard E. Ekstrand and Reichelt, Nussbaum & Brown, Mt. Rainier, Md., on brief) for appellee Southern Md. Medical Center.

Before BRYAN, Senior Circuit Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

Pleading the National Environmental Policy Act [1], the National Housing Act [2], the Public Health Service Act [3], the Comprehensive Health Planning and Public Health Services Act [4], and the Noise Control Act [5], appellant, Clinton Community Hospital, brought this suit in the Maryland Federal District Court in October, 1973 against the Southern Maryland Medical Center, HEW Secretary Weinberger, and HUD Secretary Lynn to enjoin the construction of SMMC's hospital. SMMC is a joint venture of several physicians to construct a 200-bed hospital slightly more than three miles due south of a major runway at

---

1. 42 U.S.C. §§ 4331–4334 (1970).

2. 12 U.S.C. § 1715z–7(d)(4) (1970).

3. 42 U.S.C. § 291d(a)(1) (1970).

4. 42 U.S.C. § 246 (1966).

5. 42 U.S.C. §§ 4901–4917 (1972).

Andrews Air Force Base in Prince George's County, Maryland. Appellant is a 33-bed facility located some two miles northwest of SMMC's proposed site.

Stripped to its essentials, appellant's argument is that SMMC's proposed hospital would be adversely affected by its environment, specifically the air base and concomitant air traffic. The District Court granted SMMC's motion to dismiss and *sua sponte* dismissed the case against the Secretaries.

The District Judge correctly held that appellant had no standing to sue. In the fourth paragraph of the appellant's amended complaint it is stated:

> "Plaintiff [appellant] has a pecuniary interest in the outcome of this proceeding, inasmuch as the construction of the SMMC hospital two miles from Plaintiff's existing hospital will result in its eventual closing, since, as a 33 bed hospital, it will be unable to compete with the proposed 200 bed hospital. . . ."

If it has in fact suffered an injury, appellant's economic well-being vis-a-vis its competitors is certainly not "arguably within the zone of interests to be protected" by the Federal environmental laws. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

Additionally, as the District Court noted, appellant has failed to state a claim upon which relief can be granted. It contends that injunctive relief is in order because of the impact of the *existing* environment on the *proposed* hospital. Such a claim turns the statutory scheme 180 degrees around. As it is stated, the claim was properly dismissed by the District Court.

For these and the reasons stated by the District Court, we affirm the dismissal of the case. Clinton Community Hospital Corporation v. Southern Maryland Medical Center, et al., 374 F.Supp. 450 (D.Md.1974).

Affirmed.