Troy F. DONALDSON, Appellant,

v.

Shirley A. DONALDSON, Appellee.

Supreme Court of Tennessee.

Aug. 15, 1977.

R. Jerome Shepherd, Cleveland, for appellant.

## OPINION

COOPER, Chief Justice.

The appellant, Troy F. Donaldson, brought suit in the Circuit Court of Bradley County against his wife, Shirley A. Donaldson, seeking damages resulting from an alleged "abuse of court process." The appellee, a nonresident of Tennessee, was served with a copy of the complaint and summons in the State of Arizona pursuant to the Tennessee long-arm statute, § 20–235, T.C.A. et seq. The appellee made a special appearance to contest jurisdiction, and also sought to have the complaint dismissed for failure to state a cause of action. The trial court concluded that there were insufficient contacts with the State of Tennessee to establish jurisdiction, and dismissed the action.

Appellant charged in his complaint that he was injured by the malicious, willful, and intentional institution against him of two separate and distinct civil proceedings, both providing for the identical remedy of "imprisonment that is criminal in nature." Specifically, appellant charged that on February 19, 1976, appellee filed a complaint in the Superior Court of Maricopa County, Arizona, under the Uniform Reciprocal Enforcement of Support Act (URESA). While the complaint was still viable and set for a hearing in the Circuit Court of Bradley County, appellee, on March 16, 1976, filed an action in Arizona seeking to hold appellant in contempt of court.[1] The petition before the Arizona court was set for a hearing on April 14, 1976, two days after appellant was to appear in the Circuit Court of Bradley County for a hearing on the reciprocal support petition.

To establish jurisdiction in the courts of this state, appellant relies on § 20–235, T.C.A., which, in pertinent part, provides as follows:

Persons who are nonresidents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

\*     \*     \*     \*     \*     \*

(b) any tortious act or omission within this state  .   .  . .

Section (b) has been held to confer jurisdiction over nonresident tortfeasors in situations where the alleged tortious conduct took place outside the state but the resulting injury occurred within the state. *Hanvy v. Crosman Arms Co.*, 225 Tenn. 262, 466 S.W.2d 214 (1971). Appellant contends that his complaint is sufficient to make out the tort of "abuse of court process," and that the appellee's actions in Arizona have resulted in a tortious injury to him within this state, entitling him to invoke the jurisdiction of its courts.

We disagree with appellant's contention that the complaint is sufficient to state a claim for "abuse of court process."

While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, it either must contain "direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested  .  .  .  by the pleader, or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1216 at 121–123. *See also* Section 8.01 of the Tennessee Rules of Civil Procedure which provides that a pleading which sets forth a claim for relief shall

---

1. Although it was not set forth in the complaint, the second action appears to have been predicated on the failure of appellant to make support payments as had been previously ordered by the Arizona court.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

■ There are two tort actions that may be brought to obtain redress for the alleged misuse of legal process by another: abuse of process and malicious prosecution. An action for abuse of process lies for the use of legal process to obtain a result it was not intended to effect, for a wrongful purpose. *Priest v. Union Agency,* 174 Tenn. 304, 125 S.W.2d 142 (1939). Malicious prosecution, or the malicious use of process, is the employment of legal process for its ostensible purpose, but without probable cause. To make out a claim for malicious prosecution, a plaintiff must show that the defendant, with malice, initiated legal proceedings against him without probable cause, and that those proceedings terminated in his favor. *Swepson v. Davis,* 109 Tenn. 99, 70 S.W. 65 (1902); *see also Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.,* 358 F.Supp. 17 (E.D.Tenn.1972), aff'd, 6 Cir., 477 F.2d 598.

In the instant case, there is no allegation, or even intimation, in the complaint that the appellee employed legal process to obtain an end that the process was not intended to effect. Thus appellant has not stated a claim for abuse of process. *Priest v. Union Agency, supra.* Neither has appellant stated a claim for malicious prosecution, since there is no allegation that either of the two suits were resolved in favor of appellant. In fact, affidavit of counsel for appellant submitted in opposition to the motion to dismiss indicates to the contrary. *Swepson v. Davis, supra.*

■ There is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint. *Clark v. National Travelers Insurance Co.,* 518 F.2d 1167 (6th Cir. 1975). And where, as here, no claim for relief is stated by a party, a court may properly dismiss the action, either on motion or *sua sponte. Dodd v. Spokane County, Washington,* 393 F.2d 330 (9th Cir. 1968); *Clinton Community Hospital Corporation v. Southern Maryland Medical Center,* 374 F.Supp. 450 (D.Md.1974),

aff'd, 510 F.2d 1037 (4th Cir. 1975), cert. den., 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975). Accordingly, the judgment of the trial court dismissing the action is affirmed. Costs incident to the appeal are adjudged against the appellant and his surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.