## C. Gordon PEERMAN, Jr., Plaintiff–Appellee,

v.

## Stanley H. SIDICANE and Martha Beazley Carson, Defendants–Appellants.

Court of Appeals of Tennessee, Middle Section.

Feb. 29, 1980.

Rehearing Denied April 25, 1980.

Ward DeWitt, Jr., Trabue, Sturdivant & DeWitt, Nashville, for plaintiff–appellee.

W. A. Moody, Nashville, for defendants–appellants.

## OPINION

SHRIVER, Presiding Judge.

This is a suit by a physician against an attorney and his client for malicious prosecution and abuse of process. At the conclusion of the proof the Trial Judge directed a verdict in favor of the client, Martha Carson, but allowed the case to go to a jury as to the attorney, Sidicane, and the jury found for the plaintiff against him, awarding a judgment of $3,000.00 compensatory and $8,500.00 punitive damages, from which award the defendant Sidicane perfected his appeal to this Court and has assigned errors.

–The Proceedings Below–

On December 12, 1974, a complaint was filed in the Circuit Court of Davidson County on behalf of Martha Beazley Carson against C. Gordon Peerman, Jr., M.D., alleging that on December 13, 1973 the plaintiff, being ill, consulted the defendant, Dr. C. Gordon Peerman, Jr., who examined her, and it is alleged that in so doing he did not use the care and skill ordinarily used by physicians engaged in medical practice, and negligently and incorrectly diagnosed her condition as gonorrhea and gave her a prescription for treatment thereof; that the defendant knowing full well that chemical and other tests are available to determine accurately the presence of such disease, and that such tests could be run in a matter of hours, failed to advise plaintiff until her next visit two weeks later that his diagnosis was, in fact, false; that by reason of the negligence of the defendant, plaintiff was caused great anxiety and mental anguish and suffered greatly in mind, all of which would have been avoided if defendant had properly diagnosed her illness and treated her as he should have done.

In a Second Count it was charged that the defendant, solely for financial gain, received a portion of the fees allegedly charged for the tests from a certain laboratory and for that reason failed to have an immediate determination as to the plaintiff's condition and, in the alternative, plaintiff alleged that defendant submitted plaintiff's tests to a laboratory which would charge defendant less and for reasons of monetary gain the tests were delayed.

Said complaint sought $100,000.00 compensatory and punitive damages.

Thereafter, on May 7, 1976, a Summary Judgment was granted in favor of the defendant, Dr. Peerman, and the cause of the plaintiff Carson was dismissed.

On May 4, 1977, the present suit was instituted by Dr. Peerman, against Sidicane and Carson, alleging that on December 20, 1973, the defendant, Martha Beazley Carson consulted the plaintiff concerning pain in her lower abdomen, whereupon, plaintiff made an examination and diagnosis of acute pelvic inflammation, and informed her that she might possibly have gonorrhea and that a laboratory test would be necessary to confirm the diagnosis and that such tests would take several days. She was given a prescription and appropriate treatment for acute pelvic inflammatory disease and that on December 27, 1973, she returned to plaintiff's office and was informed that the culture for gonorrhea was negative, and it was found that the inflammation was subsiding and plaintiff prescribed further medication and told her to return in four weeks, which she failed to do; that on December 12, 1974, through her attorney, Stanley H. Sidicane, Martha Beazley Carson filed suit against plaintiff, alleging negligence in the diagnosis of her condition and further alleging that plaintiff received a "kickback" of a portion of the fees charged for laboratory tests, and that on May 7, 1976, the suit against the plaintiff was dismissed on Motion for Summary Judgment.

It is further alleged that the slightest investigation by either of the defendants would have revealed that the plaintiff had given defendant Carson the most reliable medical laboratory test and that the results were available in a minimum of 48 hours; that the slightest investigation by the defendant Sidicane would have revealed that any delay in defendant Carson's learning the results of her test was brought about by her failure to call the plaintiff's office after 48 hours; that the slightest investigation by either of the defendants would have revealed that there was no factual basis whatsoever for the allegation that the plaintiff was underhandedly, unlawfully or illegally participating in or receiving portions of the laboratory fees; that defendants Carson and Sidicane, with malice, and without probable cause, wrongfully caused a suit to be filed against the plaintiff which resulted in the incurring of expenses in the defense of a groundless lawsuit, and causing mental anguish and suffering over defendant's vexatious litigation, and plaintiff was forced to use his time, otherwise dedicated to the practice of medicine, in his

defense of the defendant's unwarranted and unjustified lawsuit.

The record herein shows that Dr. Peerman is a noted gynecologist, graduate of Vanderbilt University in 1949, served in the U.S. Navy Medical Corps., taught obstetrics and gynecology at Vanderbilt since 1954, a Fellow of the American College of Obstetrics and Gynecology and the American College of Surgeons, President of the Tennessee Medical Association in 1976–77, a member of the Board of Trustees for two terms, former chief of obstetrics and gynecology at St. Thomas Hospital, has published articles in his field in various medical journals, and is altogether a prominent and highly respected doctor of medicine in Nashville.

Counsel for defendant–appellant Sidicane filed a Motion to Dismiss Dr. Peerman's action on the ground that it was premature and that there was no cause of action in the State of Tennessee allowing such an action against an attorney, which motion was denied as was his motion for a new trial after the rendition of the jury verdict and judgment against him.

Counsel for defendant–appellant also argues vigorously that this is a very important case in that the question before the Court is not really whether the judgment against an attorney should be upheld, but whether by reason of the decision, attorneys in the State of Tennessee can represent their clients without an ever–present fear that in the event they cannot sustain an allegation in their pleadings, they stand to be the subject of litigation, and perhaps lose all they have worked hard to accumulate.

Counsel also argues that it is clear that any statements made in either the pleadings or orally by an attorney in the course of a judicial proceeding are absolutely privileged, citing *Lambdin Funeral Service v. Griffith*, Tenn., 559 S.W.2d 791 (1978).

It is therefore argued that it was error for the Trial Judge to refuse certain special requests of the defendant, one of which is:

"I further charge you, Ladies and Gentlemen of the Jury, that the statements made in the course of judicial proceedings which are relevant and pertinent to the issues are absolutely privileged and cannot be used as a basis for an action for damages. This rule holds true even though such statements are false, or even malicious, citing *Hayslip v. Wellford*, 195 Tenn. 621, 263 S.W.2d 136."

Another special request which was denied is:

"In a suit of this nature against an attorney, the plaintiff may not hold the attorney liable for simple negligence, as the public policy requiring access to the courts demands that the plaintiff must meet the higher proof requirement of malicious prosecution to recover from the attorney, citing *Norton v. Hines*, 49 Cal. App.[3d] 917 [123 Cal.Rptr. 237]."

One other special request which was refused is as follows:

"There can be no action for abuse of process where the attorney defendant committed no acts out of the regular prosecution of the legal action, even when the defendant attorney acted with a wrong motive, purpose, or intent, citing *Priest v. Union Agency*, 174 Tenn. 304, 125 S.W.2d 142."

For reasons hereinafter set forth we find that defendant's position as to privilege as an attorney is not supported by *Lambdin v. Griffith* and other authorities cited, hence, it was not error to refuse the special requests above quoted.

As to the allegation of fee–splitting, the defendant Sidicane's position is that alternative pleading under the Rules of Civil Procedure permits the putting into a complaint any allegation which comes to mind even though there is no basis for it, with the idea of proving or disproving the allegation at some later date, and, that prior to 1960, he was a laboratory technician and had known of two physicians who split fees with laboratories and based on this knowledge, he simply alleged that Dr. Peerman had done the same in Mrs. Carson's case.

The record indicates that after filing suit, defendant Sidicane made substantially no investigation of the case. He did not take Dr. Peerman's or any other person's deposi-

tion. And from the date he filed the suit until it was dismissed on Summary Judgment, he apparently made no effort to prove or support the allegations with respect to fee–splitting. He also apparently did not consult any physician with respect to the standard of medical care in this community concerning the type of treatment that Dr. Peerman gave his client.

It is to be noted that the order sustaining the Motion for Summary Judgment did not contain a prayer for appeal, but an order was entered within thirty days allowing an appeal; however, it was not perfected, and after the suit of Dr. Peerman was filed against Carson and Sidicane, defendant Sidicane, without his client's awareness or permission, applied to this Court for writ of error and Ms. Carson testified, in effect, that she knew nothing about this procedure.

The evidence is ample that Dr. Peerman, as was testified by another Professor of Gynecology, conformed to the highest standards of medical profession in this area.

We are compelled to agree with the conclusion of counsel for the plaintiff–appellee that defendant's action is not one of defamation but is an action for malicious prosecution and abuse of process and the fact that the defendant is an attorney does not afford him immunity.

In the case of *Lambdin Funeral Services, Inc. v. Griffith*, supra, which is relied on heavily by counsel for the appellant, the complaint in that case charged the defendant with slander, libel, conspiracy to libel and defame appellant, and invasion of appellant's right of privacy, and, as Justice Cooper, writing the opinion for the Supreme Court, stated:

"Each tort charged in the complaint is predicated upon the publication by the defendant of alleged acts of misconduct by the plaintiff."

And, citing *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962), which action was discussed and distinguished by the late Chief Justice Burnett in *Ryerson v. American Surety Co. of N. Y.*, 213 Tenn. 182, 373 S.W.2d 436 (1963), wherein as in the case at bar, there was an action for malicious pros-

ecution, it was pointed out that in Tennessee an action will lie for malicious prosecution of a civil suit. Citing with approval *Lipscomb v. Shofner*, 96 Tenn. 112, 33 S.W. 818 (1896), the Court in *Ryerson*, supra (373 S.W.2d p. 437) said:

"A malicious prosecution action is one to recover damages caused by a judicial proceeding instituted with malice and without probable cause. Such damages are allowable under such an action as proximately result to the plaintiff, his person, property, or reputation from a previous unsuccessful civil or criminal proceeding which was prosecuted without probable cause and with malice."

Thus, as is contended by counsel for the plaintiff–appellee, the essential and controlling issue in the case at bar is whether an action may be maintained against an attorney for the torts of malicious prosecution and abuse of process where the attorney's improper actions consist of the institution and prosecution on behalf of a client of a groundless, spurious and false claim.

We believe that under the peculiar facts of this case and the succession of actions of the defendant who continued to press the case without the consent of his client and without her knowledge, and considering certain allegations in the complaint that were not predicated on any information his client gave him but which were entered in the complaint from pure speculation on his part, and where he prosecuted a groundless appeal without the consent of his client, the action against the attorney will lie.

It results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD and LEWIS, JJ., concur.