IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

# R. DAVID ASHLEY and E. DIANA ASHLEY v. THOMAS A. SNAPP and ROBIN GRATIGNY

**Direct Appeal from the Circuit Court for Knox County**
**No. 2-830-95     Harold Wimberly, Judge**

**FILED JULY 21, 2000**

**No. E1999-00908-COA-R3-CV - Decided**

This appeal arises from a grant of summary judgment in the Knox County Circuit Court. On appeal, R. David Ashley and E. Diana Ashley, the Appellants, argue that there are genuine issues of material fact with respect to their suit for malicious prosecution and abuse of process against Thomas A. Snapp and Robin Gratigny, the Appellees, and thus, the Trial Court erred in granting summary judgment. We vacate the Circuit Court's grant of summary judgment on the issue of malicious prosecution and remand to the Trial Court on that issue, and we affirm the Trial Court's grant of summary judgment on the issue of abuse of process.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court  Affirmed in Part, Vacated in Part, and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JJ., joined.

David Day, Cookeville, Tennessee, for the appellants, R. David Ashley and E. Diana Ashley

Donald K. Vowell, Knoxville, Tennessee, for the appellee, Thomas A. Snapp

Robin Gratigny, Pro Se

## OPINION

The Appellants, R. David Ashley and E. Diana Ashley, appeal the Knox County Circuit Court's grant of summary judgment in favor of Thomas A. Snapp and Robin Gratigny, the Appellees.

The Ashleys present the following issues, which we restate, on appeal:

1.  Whether the Trial Court improperly granted Mr. Snapp and Mr. Gratigny's Motion for Summary Judgment regarding the Ashleys' malicious prosecution claim when genuine issues of material fact exist with respect to the elements of malicious prosecution.

2. Whether the Trial Court improperly granted the Mr. Snapp and Mr. Gratigny's Motion for Summary Judgment on the Ashleys' abuse of  process claims since there are genuine issues of fact regarding the "improper purpose" of their malicious prosecution claim.

We vacate the grant of summary judgment by the Trial Court on the issue of malicious prosecution and remand on that issue, and we affirm the grant of summary judgment by the Trial Court on the issue of abuse of process.

This lawsuit is the third in a series of suits involving the Ashleys and Mr. Snapp.  The Ashleys were the owners of a closely held corporation named Energy Shears of America, Inc., which had filed for bankruptcy protection.  The Ashleys contend that the Knoxville law firm of Ayres & Parkey represented them personally and represented the corporation in the bankruptcy proceeding.  However, Ayres & Parkey maintained that it represented the corporation only in the bankruptcy proceeding.  Mr. Snapp was an associate with Ayres & Parkey and participated in the bankruptcy proceeding.

In the early 1990s, the Ashleys filed a legal malpractice suit against the law firm of Ayres & Parkey and Mr. Snapp.   Although the Ashleys took a voluntary nonsuit in the legal malpractice suit, they later refiled their malpractice suit and thereafter agreed to dismiss with prejudice Mr. Snapp from the suit.

Mr. Snapp, who was represented by attorney and co-associate at Ayres & Parkey Robin Gratigny, then filed a suit against the Ashleys and their attorney, David Day, for malicious prosecution in their filing of the initial lawsuit for legal malpractice. Mr. Snapp's lawsuit against the Ashleys was defeated on a motion for summary judgment, and Mr. Snapp did not appeal that decision.

The instant case is a malicious prosecution and an abuse of process suit filed by the Ashleys against Mr. Snapp and his counsel Mr. Gratigny for the suit filed against them for malicious prosecution. Mr. Snapp and Mr. Gratigny filed motions for summary judgment, and the Trial Court granted the motions. The Ashleys now appeal the grants of summary judgment.

In their first issue, the Ashleys argue that the Trial Court improperly granted Mr. Snapp and Mr. Gratigny's motion for summary judgment on the issue of malicious prosecution. The Ashleys contend that the Appellees failed in their prior lawsuit to prove the elements of malicious prosecution: probable cause, malice, and the prior action was terminated in favor of the plaintiff. The Ashleys maintain "that the jury--not the judge--should make the factual determination of whether a defendant acted without probable cause," citing Roberts v. Federal Express Corporation, 842 S.W.2d 246, 248-49 (Tenn. 1992). Thus, the Ashleys assert that "summary judgment decisions in malicious prosecution claims must be denied if there are any genuine issues of fact--including inferences to be drawn from those facts--to present to the jury."

Among the Ashleys' arguments regarding a lack of probable cause is that Mr. Snapp "suffered no damages as a result of the [Ashleys'] legal malpractice claim against him." The Ashleys note that during Mr. Snapp's deposition he stated that the damages he had suffered would be "speculative," which the Ashleys maintain presents a genuine issue of material fact regarding a lack of probable cause.

Second, the Ashleys assert that Mr. Snapp and his attorney Mr. Gratigny filed their prior suit for malicious prosecution with malice. The Ashleys contend "that the element of malice may be inferred from an absence of probable cause." Moreover, they assert that the facts show that Mr. Snapp and Mr. Gratigny acted with malice. One example they cite is Mr. Snapp's anger that a malpractice suit had been filed against him. Another is that the timing of the filing of Mr. Snapp's malicious prosecution suit against the Ashleys and their attorney. The Ashleys contend that Mr.

-3-

Snapp and Mr. Gratigny waited to "within eight minutes of the running of the statute of limitations on the malicious prosecution claim to file this 'slap' suit against the Ashleys." The Ashleys contend that these facts, along with Mr. Snapp's lack of actual damages from a loss of business income because of the original malpractice action, indicate that genuine issues of material fact exist regarding the element of malice.

Finally, the Ashleys argue that the third element of malicious prosecution, which is a prior action was terminated in their favor, is met by the court's grant of summary judgment in their favor in the prior lawsuit. Moreover, Mr. Snapp and Mr. Gratigny acknowledge that this element is satisfied by the court's ruling in the Ashleys' favor in the prior litigation.

Mr. Snapp argues that the Ashleys failed to provide any expert proof against his and Mr. Gratigny's motions for summary judgment in their prior suit against the Ashleys. Furthermore, Mr. Snapp asserts that the Ashleys failed to file anything to dispute their lack of damages in the malpractice lawsuit. Thus, Mr. Snapp maintains that "based on the record before the trial court, it had to be taken as having been conclusively established that the Ashleys had no basis in law or fact to sue" him, and therefore, he had probable cause to bring his malicious prosecution suit against the Ashleys and their attorney Mr. Day.

Mr. Gratigny argues that while the Ashleys have met the first element, a prior suit had been determined in favor of the plaintiff, the Ashleys have failed to carry the heavy burden of establishing the existence of malice and of probable cause. Mr. Gratigny, who represented Mr. Snapp in his suit against the Ashleys for malicious prosecution, maintains "that the Chancery Court lawsuit filed on Mr. Snapp's behalf had two main goals, repairing Mr. Snapp's damaged reputation and seeking compensation for damages suffered." Mr. Gratigny further argues that the Ashleys failed to establish the element of probable cause because the Ashleys had no grounds for filing a legal malpractice action against Mr. Snapp.

The standard of review of a court's grant of summary judgment is provided in Rule 56.04 of the Tennessee Rules of Civil Procedure, which states that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

-4-

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"[T]he trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993). This Court's review of a grant of summary judgment requires us to make a fresh determination regarding whether summary judgment is appropriate. Gonzales v. Alman Construction Company, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993).

Three elements are required to establish a claim for malicious prosecution: (1) a prior suit or judicial proceeding was brought without probable cause, (2) such prior action was brought with malice, and (3) the prior action was terminated in the plaintiff's favor. Roberts, 842 S.W.2d at 247-48.

The existence of probable cause is determined from an objective examination of the surrounding facts and circumstances, not from a subjective assessment of the defendant's mental state. Roberts, 842 S.W.2d at 248. This Court has held that "[a] showing of a lack of probable cause will give rise to a rebuttable presumption of malice." Sullivan v. Young, 678 S.W.2d 906, 911 (Tenn. Ct. App. 1984).

Malicious prosecution claims against attorneys responsible for filing the underlying lawsuit are recognized in Tennessee. Peerman v. Sidicane, 605 S.W.2d 242 (Tenn. Ct. App. 1980).

As we have stated, this Court must make a fresh determination of whether a Trial Court properly granted the motions for summary judgment, and the evidence is to be viewed in the light most favorable to the nonmoving party, the Ashleys in this case. Mr. Snapp and Mr. Gratigny both admit that the Ashleys satisfy one element necessary to prove malicious prosecution: the prior action (Mr. Snapp's malicious prosecution suit against the Ashleys) was terminated in the Ashleys' favor. Mr. Snapp contends that he did not file his suit for malicious prosecution out of malice, but

had probable cause because of damage to his reputation as an attorney. However, Mr. Snapp acknowledged that any damage from a loss of business income would be "speculative." In addition, the Ashleys point to the timing of the filing of the suit for malicious prosecution, as well as Mr. Snapp's anger about the Ashleys' malpractice suit against him and his representation by a co-associate at Ayres & Parkey, Mr. Gratigny. Accordingly, we are of the opinion that genuine issues of material fact exist regarding the elements of the malicious prosecution claim.

In their second issue, the Ashleys argue that the Trial Court erred in granting summary judgment to Mr. Snapp and Mr. Gratigny on the issue of abuse of process. The Ashleys insist that Mr. Snapp's suit for malicious prosecution was filed for an improper purpose as detailed earlier in this opinion.

However, Mr. Snapp argues that "the Ashleys have failed to plead a claim for which relief can be granted." He notes that the tort of abuse of process requires two elements: an ulterior motive and an improper act in the use of the process, citing Bell ex rel. Snyder v. Icard, 986 S.W.2d 550 (Tenn. 1999). The Ashleys' complaint states only that "on information and belief that Defendants' lawsuit, including the related process, was an abuse of process and intended to accomplish some purpose other than justice to Defendants."

Mr. Gratigny contends "that there was no improper purpose associated with the filing of the Chancery Court lawsuit. This lawsuit was filed solely for the purpose [of] seeking compensation for the harm occasioned on Mr. Sharp's professional reputation by his inclusion in the original malpractice suit." Therefore, Mr. Gratigny asserts that the malicious prosecution suit against the Ashleys by Mr. Snapp was not "commenced for a wrongful purpose."

For an abuse of process claim in Tennessee, two elements must be alleged: "(1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." Priest v. Union Agency, 174 Tenn. 304, 306, 125 S.W.2d 142, 143 (1939). Abuse of process lies "for the improper use of process after it has been issued, not for maliciously causing process to issue." Priest, 174 Tenn. at 306; 125 S.W.2d at 143.

-6-

Mr. Snapp's argument regarding the Ashleys' failure to plead one of the elements of abuse of process is well taken. Therefore, we affirm the grant of summary judgment on the issue of abuse of process.

Based on the foregoing, we vacate the grant of summary judgment by the Trial Court on the issue of malicious prosecution and remand on that issue. We affirm the grant of summary judgment on the issue of abuse of process. One-half the costs of the appeal are adjudged against Mr. Snapp and Mr. Gratigny, and one-half the costs of the appeal are adjudged against the Ashleys and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE