# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 18, 2013 Session

## SHARYN BOVAT v. NISSAN NORTH AMERICA

**Appeal from the Circuit Court for Williamson County**
**No. 2012387      Timothy L Easter, Judge**

---

### No. M2013-00592-COA-R3-CV - **Filed November 8, 2013**

---

This civil action is the progeny of a criminal proceeding in which Plaintiff was indicted by the Williamson County Grand Jury for criminal trespass and stalking following an incident that occurred at the headquarters of Nissan North America. Plaintiff was convicted of criminal trespass; however, the stalking charge was dismissed because a corporation is not defined as a "person" under the stalking statute. Thereafter, Plaintiff filed this action against Nissan North America asserting claims for malicious prosecution and abuse of process pertaining to the stalking charge. Nissan filed a motion for summary judgment and a statement of undisputed facts that was supported by the affidavit of the Williamson County Deputy District Attorney General who investigated and prosecuted the criminal proceedings. Plaintiff filed a response opposing Nissan's motion for summary judgment; however, she failed to file a statement of disputed facts or any affidavit or deposition testimony to dispute the facts relied upon by Nissan as Tennessee Rule of Civil Procedure 56.03 requires. After setting forth its findings of fact and conclusions of law as required by Rule 56.04, the trial court summarily dismissed the complaint upon the findings that Nissan presented competent evidence to negate essential elements of Plaintiff's claims and that Plaintiff failed to create an issue of disputed material fact regarding any of the grounds relied upon by Nissan. We have determined that the record supports the trial court's findings of fact and conclusions of law. Thus, we affirm the summary dismissal of the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Sharyn Bovat, Oak Brook, Illinois, Pro Se.

Joy Anne Boyd and Brigid M. Carpenter, Nashville, Tennessee, for the appellee, Nissan North America, Inc.

**OPINION**

On or about July 7, 2010, Sharyn Bovat ("Plaintiff") was arrested for criminal trespass after refusing to leave the headquarters of Nissan North America. On October 11, 2010, the Williamson County Grand Jury returned a two-count indictment against Plaintiff, charging her with stalking and criminal trespass. The case was tried before a jury on February 1, 2012. The jury found Plaintiff guilty of criminal trespass; however, the trial judge dismissed the stalking charge on the legal ground that a corporation cannot be the victim of stalking because a corporation is not defined as a "person" under the stalking statute.

Six months later, on July 19, 2012, Plaintiff filed this action against Nissan North America ("Defendant"), asserting claims for malicious prosecution and abuse of process. Plaintiff contended, *inter alia*, that Defendant hired a private prosecutor to aid the District Attorney General in prosecuting the stalking charge. Defendant denies the allegations stating that the Office of the District Attorney General independently investigated the matter and, thereafter, presented the stalking charge to a grand jury.[1]

Defendant filed a motion for summary judgment on November 29, 2012, supported by a sworn affidavit of Deputy District Attorney General Terry Wood ("Gen. Wood") and a statement of undisputed facts, contending that Plaintiff could not establish the essential elements of her claims. The motion was based on the principal ground that the affidavit proved that Gen. Wood, and not Defendant, independently decided to prosecute Plaintiff on the stalking charge.

Plaintiff was represented by counsel when the motion for summary judgment was filed; however, the trial court entered an agreed order permitting Plaintiff's counsel to withdraw on January 14, 2013. Thereafter, acting *pro se*, Plaintiff filed a response to

---

[1]Defendant also denies hiring an attorney to *prosecute* the case. To the contrary, Defendant states it retained an attorney as authorized by Tennessee Code Annotated § 8-7-401. That statute reads in part:

> (a) A victim of crime or the family members of a victim of crime may employ private legal counsel to act as co-counsel with the district attorney general or the district attorney general's deputies in trying cases, with the extent of participation of such privately employed counsel being at the discretion of the district attorney general. The district attorney general or a deputy shall make the final and concluding argument. The privately retained counsel shall immediately inform the district attorney general of such counsel's employment.

Tenn. Code Ann. § 8-7-401(a) (2011).

Defendant's summary judgment motion, but Plaintiff did not file a statement of disputed facts, and she did not file an affidavit or deposition testimony in opposition to the motion to create a dispute of material facts as Tennessee Rules of Civil Procedure 56.03 requires.

Following a hearing on January 28, 2013, the trial court granted Defendant's motion for summary judgment on both claims. Plaintiff filed a timely appeal contending the trial court erred by summarily dismissing her complaint.

## ANALYSIS

### I. SUMMARY JUDGMENT

Tennessee Rules of Civil Procedure 56.02 permits a party against whom a claim is asserted to move for summary judgment in the party's favor as to all or any part of the claim. Further, Tennessee Rules of Civil Procedure 56.03 provides:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> *Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.*

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

(Emphasis added).

In this case, Defendant was the moving party and Plaintiff was the non-moving party. As the non-moving party, Plaintiff had the option to either agree that each fact was undisputed or *demonstrate* that some or all of the facts were disputed. As the rule expressly mandates, if Plaintiff elected to dispute any fact, then each fact she disputed had to be supported by specific citation to the record, meaning a specific citation to an affidavit or deposition testimony of a witness in the record.

By opposing the motion for summary judgment, Plaintiff had the affirmative duty to *file a response to each fact* set forth by Defendant. Plaintiff failed to dispute any fact set forth by Defendant. Admittedly, Plaintiff filed a *response* to the motion for summary judgment stating her opposition to the motion; however, Plaintiff failed to *demonstrate* that the facts Defendant relied upon in making the motion for summary judgment were, in fact, disputed. When a motion for summary judgment is properly supported, "the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Tenn. R. Civ P. 56.06.

"It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted." *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) (citing *Holland v. City of Memphis*, 125 S.W.3d 425, 428-429 (Tenn. Ct. App. 2003). Thus, due to Plaintiff's failure to demonstrate that any of the facts in Defendant's statement of undisputed facts were disputed, as required by the rule, all of the facts set forth by Defendant are undisputed.

Because the material facts are undisputed, the issue for this court to consider is whether Defendant was entitled to summary judgment, as a matter of law, as to either or both of Plaintiff's claims.

## II. MALICIOUS PROSECUTION CLAIM

There are three essential elements to a malicious prosecution claim: (1) a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (2) the defendant brought such prior action with malice, and (3) the prior action terminated in the

plaintiff's favor. *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992); *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992).

The Williamson County Grand Jury independently issued the indictment of stalking. An indictment by a grand jury equates to a finding of probable cause. *Crowe v. Bradley Equip. Rentals & Sales, Inc.*, No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *5 (Tenn. Ct. App. Mar. 31, 2010); *see Parks v. City of Chattanooga,* No. 1:02-CV-116, 2003 WL 23717092, at *4 (E.D. Tenn. Dec. 15, 2003) (citing *State v. Hudson*, 487 S.W.2d 672, 674 (Tenn. Crim. App. 1972)). Therefore, Plaintiff cannot prove the first element of a claim of malicious prosecution: that the charge was brought against the plaintiff without probable cause.

The foregoing notwithstanding, "even though one has probable cause to initiate criminal charges, there can be liability for the malicious continuation of a criminal proceeding." *Pera v. Kroger Co.*, 674 S.W.2d 715, 722 (Tenn. 1984). However, the private person must take an active part in continuing or procuring the continuation of criminal proceedings. *Id*. (citing Restatement (Second) of Torts § 655 (1977)). "[W]here the instigator has no control over the case once prosecution has begun, his participation will not subject him to liability," and, in Tennessee, "a private prosecutor does not control the prosecution. This is left in the hands of the District Attorney and of the Court." *Id*. at 722-23 (citations omitted). Here, Defendant filed a properly supported motion for summary judgment stating that Defendant had no control over the prosecution of the stalking charge, and that Defendant took no active part in procuring the continuation of the prosecution. The affidavit by Gen. Wood established that he independently decided to pursue prosecution, without any assistance from Defendant, its attorney, or employees. Therefore, Plaintiff cannot prove the second element of malicious prosecution: that defendant brought such prior action with malice.

Defendant submitted affirmative evidence that negated essential elements of Plaintiff's claim of malicious prosecution. In motions for summary judgment, "the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it: (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; . . . ." Tenn. Code Ann. § 20-16-101. Defendant negated two essential elements; therefore, as the trial court correctly found, Defendant was entitled to judgment, as a matter of law, on the claim of malicious prosecution.

### III. ABUSE OF PROCESS CLAIM

A claim for abuse of process includes the following elements: (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the

regular prosecution of the charge. *Crowe*, 2010 WL 1241550, at \*5 (citing *Priest v. Union Agency*, 125 S.W.2d 142, 143 (Tenn. 1939)). "[T]he gist of the tort [of abuse of process] is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 400 (Tenn. 2002) (citing *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W. 2d. 550, 555 (Tenn. 1999)).

The test as to whether process has been abused is "whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do." *Givens*, 75 S.W.3d at 401 (citing *Priest*, 125 S.W.2d at 143-44). Generally, "the lawful use of a court's process does not give rise to an abuse of process claim, and no claim of abuse will be heard if process is used for its lawful purpose, even though it is accompanied with an incidental spiteful motive." *Id.* (citing Restatement (Second) of Torts § 682 cmt. b (1977)).

Defendant provided the affidavit of Gen. Wood who stated that he "did not communicate with any person employed by or associated with [Defendant] in making [his] decision, nor did [he] consult with . . . the attorney retained by [Defendant] before [he] made that decision." Moreover, Gen. Wood states that "there was enough probable cause to submit to the Grand Jury the evidence of criminal trespass and stalking." The testimony of Gen. Wood establishes that Defendant was not responsible for "an act in the use of process," which was independently taken by the District Attorney General. *See Parks*, 2003 WL 23717092, at \*8; *Crowe*, 2010 WL 1241550, at \*6 (finding that the decision to prosecute plaintiff was within the control of the district attorney's office, and there was no evidence of defendant's active participation in plaintiff's prosecution or misuse of the judicial process).

We acknowledge that Plaintiff alleges in her complaint that "the defendant had the aid and counsel of the . . . former District Attorney General himself . . . to advise it, consult with, and prosecute the Plaintiff." This allegation, however, is not evidence; thus, Plaintiff failed to present, as Rule 56.03 mandates, specific evidence that rebuts the testimony of Gen. Wood that Defendant had no control over the evidence that was presented to the Grand Jury. Because this specific fact is undisputed, Plaintiff failed to establish that Defendant engaged in an act in the use of process other than such as would be proper in the regular prosecution of the charge. As a consequence, Defendant rebutted an essential element of the claim of abuse of process, and, therefore, Defendant is entitled to judgment as a matter of law. *See* Tenn. Code Ann. § 20-16-101.

We affirm the dismissal of all claims by granting summary judgment in favor of Defendant.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded with costs of appeal assessed against Plaintiff, Sharyn Bovat.

_____
FRANK G. CLEMENT, JR., JUDGE