FILED
05/31/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 27, 2018 Session

**RAY BROWN v. ROBERT L. BUSHNELL**

**Appeal from the Circuit Court for Bedford County**
No. 12490     Franklin L. Russell, Judge

_____

**No. M2017-01124-COA-R3-CV**

_____

This is a malicious prosecution case. The trial court found that the Appellant committed the torts of malicious prosecution and abuse of process. Appellant argues that there was no material evidence to support the trial court's inference of malice. Appellant also questions the trial court's failure to address the mandatory element of probable cause. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

W. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Robert L. Bushnell.

Roger Clay Parker, Shelbyville, Tennessee, for the appellee, Ray Brown.

**OPINION**

**I.     Background**

Following dismissal of a federal lawsuit, in which he was a defendant, Appellee Ray Brown filed this malicious prosecution case against Appellant Robert L. Bushnell in the Circuit Court for Bedford County (the "trial court"). The underlying lawsuit was filed in the United States District Court for the Eastern District of Tennessee ("district court") by Mr. Bushnell against Appellee, individually, and d/b/a Ray's Paint and Body Shop, and multiple governmental entities that are not parties to this appeal. Messrs. Bushnell and Brown operate competing wrecker services. In his district court complaint,

Mr. Bushnell alleged that Appellee violated RICO statutes, state tort law, the Sherman Antitrust Act, and the Freedom of Information Act by failing to follow certain ordinances governing the rotation of wrecker services in Shelbyville and Bedford County. The district court granted summary judgment in favor of Mr. Brown. Mr. Bushnell dismissed all of the other defendants in the litigation, but pursued an appeal of the order granting Brown's motion for summary judgment in the Sixth Circuit Court of Appeals, which upheld the district court's grant of summary judgment. Mr. Bushnell then appealed the case to the United States Supreme Court, which denied certiorari.

Following the dismissal of the federal lawsuit, on July 20, 2012, Mr. Brown filed the instant case in the trial court. In his complaint, Mr. Brown alleged that Mr. Bushnell had engaged in malicious prosecution and abuse of process in filing the federal lawsuit. On August 23, 2012, Mr. Bushnell answered the complaint denying the material allegations. On May 2, 2017, following a trial, the trial court entered an order, sustaining Mr. Brown's claim that Mr. Bushnell committed the torts of malicious prosecution and abuse of process, and awarding Mr. Brown $47,600.00 in damages. The trial court found in relevant part, that:

> Bushnell committed the torts of malicious prosecution and abuse of process against Plaintiff Brown. The new owner of a new wrecker/auto repair company in a small town was dragged into federal trial court, to the Sixth Circuit Court of Appeals, and to the front door of the US Supreme Court. The whole process was launched after only very limited and flawed investigation. The complaint contained and relied on multiple falsehoods that were the heart of the claims against Brown. Taken as a whole, the circumstantial evidence in the state court leads to only one conclusion, which is that Bushnell did not have probable cause to initiate and pursue his claim against Brown and that doing so was motivated by malice and specifically by a determination to put Brown out of the wrecker service/auto repair business in Shelbyville, Tennessee.

Mr. Bushnell appeals.

## II. Issues

Appellant raises one issue for review as stated in his brief:

> Based upon the well-established requirements in Tennessee law for a malicious prosecution claim, does any material evidence exist in the record, within the meaning of T.R.A.P. Rules 13(b) and 36, that would support the trial court's decision that it may "imply" malice or improper motive upon the facts presented, particularly in a ruling that does not directly address the

- 2 -

second mandatory element of "absence of probable cause."[1]

## III.    Standard of Review

This matter was heard without a jury; therefore, our standard of review is *de novo* upon the record of the proceedings below with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 645 (Tenn. 2000) (citing Tenn. R. App. P. 13(d)). There is no presumption of correctness, however, as to the trial court's legal conclusions. *In re Estate of Fletcher*, 538 S.W.3d 444, 448 (Tenn. 2017); *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012) (citing *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010); *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 226 (Tenn. 2010)).

## IV.    Analysis

In Tennessee, there are two tort actions that may be brought to obtain redress for alleged misuse of the legal process: malicious prosecution and abuse of process. *Donaldson v. Donaldson,* 557 S.W.2d 60, 62 (Tenn. 1977); *Priest v. Union Agency,* 174 Tenn. 304, 125 S.W.2d 142, 143 (1939). A plaintiff in a malicious prosecution claim has the burden to show that the defendant maliciously brought the prior suit without probable cause, and that the prior suit was adjudicated in favor of the plaintiff. *Roberts v. Federal Express Corp.,* 842 S.W.2d 246, 248 (Tenn. 1992); *Christian v. Lapidus,* 833 S.W.2d 71, 73 (Tenn. 1992). The absence of probable cause raises a rebuttable presumption of malice. *Kerney v. Aetna Cas. & Sur. Co.*, 648 S.W.2d 247, 252 (Tenn. Ct. App. 1982). Malice may be inferred from the absence of probable cause, or from want of reasonable grounds for prosecution as the circumstances appeared to the prosecutor or as they would have appeared to a person of ordinary circumspection and diligence. *Perry v. Sharber*, 803 S.W.2d 223, 225 (Tenn. Ct. App. 1990); *Peoples Protective Life Ins. Co. v. Neuhoff,* 56 Tenn. App. 346, 407 S.W.2d 190 (1966). Ill will or personal hatred need not be shown. *Kelley v. Tomlinson*, 46 S.W.3d 742, 746 (Tenn. Ct. App. 2000). Any improper motive is sufficient to constitute malice when malicious prosecution is charged. *Lawson v. Wilkinson,* 60 Tenn. App. 406, 447 S.W.2d 369 (Tenn. Ct. App. 1969). Here, it is undisputed that Mr. Bushnell's federal lawsuit against Mr. Brown was dismissed in favor of Mr. Brown. However, Mr. Bushnell argues that the trial court failed to address probable cause, which is an essential element of the malicious prosecution claim.

---

[1] We note that Appellant does not raise an issue concerning the trial court's determination that he committed abuse of process. The appellate court may treat issues that are not raised on appeal as being waived. *See* Tenn. R. App. P. 13(b); *Bing v. Baptist Mem'l Hosp.-Union City,* 937 S.W.2d 922, 924 (Tenn. Ct. App. 1996). *Watson v. Watson*, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009); *In re Last Will & Testament of Erde*, No. W2017-00551-COA-R3-CV, 2017 WL 6622817, at *5 (Tenn. Ct. App. Dec. 28, 2017). Therefore, we will not address whether the trial court's determination of abuse of process was proper.

Furthermore, Mr. Bushnell asserts that there was no material evidence to support the trial court's inference of malice or improper motive.

The Tennessee Civil Pattern Jury Instructions ("T.P.I.") provide insight as to what constitutes probable cause.

Probable cause is the existence of such facts and circumstances that would lead a reasonable person to believe that the accused person committed the *[crime][act][offense]*.

Probable cause is to be determined solely from an objective, disinterested, and impartial examination of the surrounding facts and circumstances existing at the time defendant made the accusation against the plaintiff. Facts appearing after the time the criminal proceeding is started may not be considered in determining whether probable cause existed.

The question in a malicious prosecution case is whether the facts, viewed objectively at the time of the incident, would lead a reasonable person to believe that the plaintiff was guilty of the crime charged.

\*\*\*

If probable cause is not proven, then a rebuttable presumption of malice arises.

T.P.I.—CIVIL 8.23 Probable Cause, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.23 (2017 ed.). Using these instructions as a guide, the trial court opined that

[a] determination of the presence or absence of probable cause and the presence or absence of malice requires an examination of the pre-litigation investigation by Bushnell, the accuracy of the contents of the complaint filed in federal court, the evidence that Bushnell had or could have had at the time he responded to Brown's federal court motion for summary judgment, and Bushnell's response to his initial setbacks in pursuing the litigation, including his decision to dismiss the other defendants from the case and pursue only Brown.

Mr. Bushnell's federal complaint alleged, in pertinent part, that

for 35 years, the governmental agencies have engaged in an established pattern and custom of unlawful conduct which involved the purposeful routing of wrecker calls, and body repair work, through a single, local business know as Beeches Body Shop, previously owned by J.C. Beech,

- 4 -

now operating under the name of Ray's Paint and Body, which is owned and operated by Ray Brown (a relative of Mr. Beech), who, for many years, managed the Beeches Body Shops towing business.

Despite these allegations, there is a lack of evidence to establish "pattern and custom of unlawful conduct" on the part of Mr. Brown. Specifically, there is no indication that Mr. Bushnell either examined Mr. Beech's probate file, or interviewed Mr. Beech's widow about the terms of the sale of Beeches Body Shop. During the trial, Mr. Bushnell admitted that he had done "nothing" to investigate Mr. Brown's alleged nefarious conduct prior to filing the federal lawsuit against him.

Mr. Bushnell's federal lawsuit alleged that governmental agencies conspired with Mr. Brown over a thirty-five year period; however, at the time the litigation commenced in 2008, Mr. Brown was only 37 years old. It is unlikely that Mr. Brown began conspiring with local government at the age of two. It is more likely that Mr. Bushnell failed to name the proper parties in his federal lawsuit. In fact, Mr. Bushnell could name only one city official, with whom Mr. Brown allegedly conspired, *i.e.* former city manager Ed Craig. However, the only "evidence" of that conspiracy was that Mr. Craig knew about the problem and "didn't fix it." More problematic is the fact that the federal complaint makes claims against Mr. Brown that are patently false. For example, contrary to the allegation in the complaint, there is no credible proof that Mr. Brown ever managed Beeches Body Shop, only that he was an employee. Furthermore, contrary to the allegation in the complaint, there is no proof that Mr. Brown was related to Mr. Beech.

In ruling on the malicious prosecution claims, the trial court noted that Mr. Bushnell dismissed the governmental entities in order to pursue his appeal in federal court. The trial court reasoned that if, as suggested by counsel for Mr. Bushnell, the primary motivation for filing the lawsuit was to obtain injunctive relief, he would not have dismissed the very parties who needed to be enjoined. The trial court further reasoned that if Mr. Bushnell's motive was to obtain and collect a large money judgment, then he would not have dismissed the governmental entities (which arguably had the deepest pockets) in favor of pursuing his claims against Mr. Brown. The trial court noted that the only motive that would explain Mr. Bushnell's disparate treatment of the various defendants is that Mr. Bushnell's real objective was to force his competitor, Mr. Brown, out of business.

Probable cause is the "objective determination of the reasonableness of the conduct in light of the surrounding facts and circumstances." *In re Prince,* 414 B.R. 285, 293 (Bankr. M.D. Tenn. 2009) (citing *Roberts v. Fed. Express Corp.,* 842 S.W.2d 246 (Tenn. 1992)). As discussed above, the trial court made extensive findings to support its finding that Mr. Bushnell brought the federal lawsuit without probable cause, and to support its conclusion that Mr. Bushnell's actions constituted malicious prosecution. We

agree with the findings and conclusions made by the trial court that such actions constituted malicious prosecution.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's judgment. The case is remanded to the trial court for further proceedings as may be necessary and are consistent with this Opinion. Costs on the appeal are assessed against the Appellant, Robert L. Bushnell and his surety, for all of which execution may issue if necessary.


_____
KENNY ARMSTRONG, JUDGE