# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 12, 2013 Session

## JOHN WESLEY GREEN, ET. AL. V. CHAMPS-ELYSEES, INC., ET. AL.

### Appeal from the Chancery Court for Davidson County
### No. 052817IV     Hon. Russell T. Perkins, Chancellor

---

### No. M2012-01352-COA-R3-CV - Filed April 9, 2013

---

In this case, Plaintiff filed a petition for criminal contempt against Counsel, alleging that Counsel allowed Defendant to portray herself as unrepresented when Counsel assisted her with her testimony and pleadings. The court dismissed the petition, finding that it did not have subject matter jurisdiction to consider the motion when Plaintiff had alleged an ethical violation that did not rise to the level of criminal contempt. The court also denied a subsequent motion to alter or amend its judgment and a motion for recusal. Plaintiff appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and THOMAS R. FRIERSON, II, J., joined.

James D. R. Roberts, Jr. and Janet L. Layman, Nashville, Tennessee, for the appellant, John Wesley Green, individually and as a shareholder of Champs-Elysees, Inc.

Mark A. Baugh and Nancy A. Vincent, Nashville, Tennessee, for the appellees, Estate of Mark A. Green and Champs-Elysees, Inc.

Will Parsons, Nashville, Tennessee, for the appellee, Edna L. Green.

Arthur A. Fourier, Auburn, Alabama, appellee, pro se.

Thomas N. Pinckney, Nashville, Tennessee, for the appellee, Susan D. Bass.

**OPINION**

## I. BACKGROUND

This case has a long procedural history that ultimately led to an eight-day jury trial on a complaint filed by John Wesley Green ("Plaintiff") against his mother, Edna L. Green ("Defendant"), and an intervening complaint filed by the family business, Champs-Elysees, Inc. ("Champs"), against Plaintiff. *See generally Green v. Green*, 293 S.W.3d 493 (Tenn. 2009). Throughout the trial, Defendant maintained that she was appearing without the benefit of counsel. The court advised the jury regarding her pro se status. However, it became apparent that licensed attorneys, including Susan D. Bass ("Counsel"), assisted Defendant in drafting documents and preparing her trial strategy. Additionally, Counsel was present in the courtroom throughout the trial. When Plaintiff's attorney learned that Counsel was a licensed attorney, he cross-examined Defendant about Counsel's assistance. Defendant acknowledged that she had received assistance from Counsel. At the conclusion of the trial, Plaintiff filed a petition for contempt against Counsel.

Plaintiff alleged that Counsel had "willfully and intentionally orchestrated a fraud upon the [c]ourt and upon opposing counsel" by conspiring with Defendant to hide her legal assistance in an effort to "gain sympathy from the [j]ury and the [c]ourt." Plaintiff alleged that pursuant to Tennessee Code Annotated section 29-9-102, Counsel's actions were contemptuous in that she had exhibited "willful misbehavior," had abused or unlawfully interfered with the court proceedings, and had tampered with the jury.

Shortly thereafter, the trial court issued a show cause order, which provided, in pertinent part,

> The [p]etition is not supported by affidavits or other evidence and does not point to any court order that [Plaintiff] contends was willfully disobeyed, but instead points to conduct [Plaintiff's] counsel believes is unethical. *See* Tenn. R. Civ. [P.] 65.06; Tenn. Code Ann. § 29-9-102. This court does not have jurisdiction to hear original complaints of professional misconduct against lawyers. Similarly, the [c]ourt's contempt power does not extend to situations where an attorney is alleged to have secretly engaged in professional misconduct, particularly where there is no court order in place that has been willfully violated and there is no openly disruptive behavior alleged to have occurred in the presence of the [c]ourt. The [c]ourt, therefore, on its own initiative, hereby sets a hearing for [Plaintiff] to show why his [p]etition for [c]riminal [c]ontempt should not be summarily dismissed.

Plaintiff responded to the order by submitting affidavits in which several witnesses alleged that Defendant appeared to have received legal assistance from Counsel throughout the trial even though she claimed to be unrepresented. Plaintiff asserted that while Counsel's behavior violated the rules of professional responsibility, her behavior also rose to the level of criminal contempt.

Following the show cause hearing, the court dismissed the petition, by order, which provided in pertinent part,

> After a review of the relevant portions of the record, the show cause hearing proceedings, and applicable law, the [c]ourt hereby DISMISSES, with prejudice, [Plaintiff's] Petition for Criminal Contempt, as amended, in its entirety. The [c]ourt determines that the Petition for Criminal Contempt, as amended, is wholly without merit. The Petition does not point to any court order that Plaintiff contends was willfully disobeyed, but instead points to conduct Plaintiff's counsel believes is unethical. *See* Tenn. Code Ann. § 29-9-102. This [c]ourt does not have jurisdiction to hear original complaints of alleged professional misconduct against lawyers. Similarly, the [c]ourt's contempt power does not extend to situations where an attorney is alleged to have secretly engaged in professional misconduct, particularly where there is no court order in place that has been willfully violated and there is no openly disruptive behavior alleged to have occurred in the presence of the [c]ourt. There is no possibility here that [Counsel] will be found guilty of criminal contempt beyond a reasonable doubt on any of Plaintiff's theories.

Plaintiff filed a motion to alter or amend the court's judgment and a motion for recusal of the trial court judge. The court summarily dismissed both motions. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A. Whether the trial court abused its discretion in denying the recusal motion.

B. Whether the trial court erred in dismissing the criminal contempt petition.

C. Whether Counsel and Champs are entitled to damages for defending against this appeal.

### III. STANDARD OF REVIEW

The trial court's dismissal of a case based on lack of subject matter jurisdiction or for failure to state a claim is a conclusion of law. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn*, 270 S.W.3d at 47; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

With regard to the recusal issue, the trial court's decision must be affirmed unless the trial court abused its discretion. *See Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). A finding of an abuse of discretion is appropriate "only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that cause[d] an injustice to the complaining party." *See Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

### IV. DISCUSSION

#### A.

Plaintiff alleges that the court erred in denying his request for recusal when the court witnessed the behavior at issue and when the behavior was in defiance of the judge's authority. Counsel and Champs respond that the court did not abuse its discretion in denying the recusal motion. In his reply brief, Plaintiff asserts that the court engaged in ex parte communications related to the underlying lawsuit that gave rise to the petition for criminal contempt. He asserts that the court's conduct lends further credence to his argument that the court's impartiality was questionable.

Under Supreme Court Rule 10, "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, Canon 2.11(A). A trial court should grant a recusal motion when "the judge has any doubt as to his or her ability to preside impartially in the case" or "'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). Therefore, even if a judge believes that he or she can be fair and impartial, the court should grant the motion for recusal when "the judge's impartiality might be reasonably questioned" because "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* (internal quotation omitted); *see also Bean v. Bailey*,

280 S.W.3d 798, 805 (Tenn. 2009). Additionally, absent the defendant's consent, the court is disqualified from presiding over a contempt hearing when the charge involves "disrespect to or criticism" of the court. Tenn. R. Crim. P. 42(b)(4).

While arguably defiant of applicable ethical rules, the behavior implicated in the contempt charge did not involve disrespect to or criticism of the trial court. Plaintiff asserts the court would likely have been a necessary witness in a contempt proceeding. We disagree. Counsel readily admitted that she provided assistance to Defendant throughout the trial. The only issue left to rule upon was whether her behavior was actually contemptuous. The court acknowledged that Counsel's behavior may have violated the rules of professional responsibility but ultimately found that her behavior simply did not rise to the level of criminal contempt. Having carefully reviewed the record, it does not appear that there was a reasonable basis to question the court's impartiality. Accordingly, we conclude that the trial court did not abuse its discretion in denying the recusal motion.

B.

As a threshold issue, Counsel and Champs assert that this case is not properly before this court because the dismissal of the petition for criminal contempt operated as an acquittal, which may not be appealed. *See generally State v. Wood*, 91 S.W.3d 769, 773 (Tenn. Ct. App. 2002). Having reviewed the record, we conclude that the summary dismissal of the petition was not an acquittal but was a sua sponte dismissal for lack of subject matter jurisdiction and for failure to state a claim. Such a dismissal may be appealed to this court.

A trial court must dismiss an action whenever it appears that it lacks jurisdiction of the subject matter. Tenn. R. Civ. P. 12.08. Likewise, when "no claim for relief is stated by a party, a court may properly dismiss the action, either on motion or sua sponte." *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977) (citations omitted). Here, the court held that it did not have jurisdiction to hear original complaints of professional misconduct and that Plaintiff failed to set forth facts establishing that Counsel could be held in criminal contempt.

The Supreme Court has held that a trial court may not hold a person in contempt for unethical conduct unless that conduct "also 'embarrasses, hinders, or obstructs a court in its administration of justice or derogates the court's authority or dignity, thereby bringing the administration of law into disrepute.'" *State v. Beeler*, 387 S.W.3d 511, 522 (Tenn. 2012) (quoting *Black v. Blount*, 938 S.W.2d 394, 399 (Tenn. 1996)). Thus, the trial court did not err in stating that it could not hold Counsel in contempt for an ethical violation unless her conduct also rose to the level of contempt.

-5-

Plaintiff argues that the trial court erred in summarily dismissing his petition for criminal contempt because he presented facts sufficient to sustain his petition when Counsel's unethical conduct amounted to willful misbehavior rising to the level of criminal contempt. Criminal contempt convictions are punitive in character, and their primary purpose is to vindicate the court's dignity and authority. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 474 (Tenn. 2003). Punishment for criminal contempt is "unconditional in nature" and serves to adjudicate "an issue between the public and the accused." *Black*, 938 S.W.2d at 398 (citations omitted). A trial court may hold a person in contempt of court for his or her willful misbehavior in the following cases:

(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;

(2) The willful misbehavior of any of the officers of such courts, in their official transactions;

(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts;

(4) Abuse of, or unlawful interference with, the process or proceedings of the court;

(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or

(6) Any other act or omission declared a contempt by law.

Tenn. Code Ann. § 29-9-102.

Counsel's conduct may be characterized as unethical in that she failed to ensure that her legal assistance was recognized by the trial court. *See generally* Tenn. Formal Ethics Op. No. 2007-F-153. However, we agree that Plaintiff failed to set forth sufficient facts to establish that her conduct rose to the level of criminal contempt. Aiding an unrepresented person in a limited advisory capacity does not obstruct the administration of justice. Examples of behavior that may be characterized as an obstruction of the administration of justice "include disrespectful, unreasonable, or 'turbulent' conduct; 'clamorous and violent language;' and 'direct personal misbehavior, for example, loud speaking or making any noise in the courtroom . . . as to interfere with the procedure of the court.'" *State v. Whetstone*, No. E2010-02333-CCA-R3-CO, 2011 WL 5147795, at *10 (Tenn. Crim. App. Oct. 31, 2011),

perm. app. denied (Apr. 11, 2012) (quoting *State v. Turner*, 914 S.W.2d 951, 958 (Tenn. Crim. App. 1995)). Such was not the case here. Counsel also did not tamper with the jury, violate a court order, or derogate the court's authority or dignity; her presence in the courtroom was not abusive or unlawful; and she could not have been found to have willfully misbehaved in an official transaction because she was not listed as an attorney of record or a party to the proceedings. Accordingly, we conclude that the trial court did not err in summarily dismissing the petition for criminal contempt.

Having determined that the trial court did not err in summarily dismissing the petition, we decline to address a second issue raised by Champs, namely that Plaintiff's counsel was never properly appointed to pursue the contempt petition and lacks standing to bring this appeal. The court may have appointed Plaintiff to prosecute the petition if it had found that Plaintiff was able to show cause why his petition should not be dismissed. Tenn. R. Crim. P. 42(b)(2). In any event, this issue is pretermitted.

C.

Counsel and Champs assert that Plaintiff's appeal was frivolous and that they are entitled to damages for having to defend against the appeal. Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). Following our review, we respectfully deny the request for damages on appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, John Wesley Green, individually and as a shareholder of Champs-Elysees, Inc.

_____
JOHN W. McCLARTY, JUDGE