IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2022

## THOMAS W. JACKSON (DECEASED), BY NEXT OF KIN, LATISHA JACKSON v. VANDERBILT UNIVERSITY MEDICAL CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 21C-2029      Amanda Jane McClendon, Judge**

_____

**No. M2022-00476-COA-R3-CV**

_____

Patient, by next of kin, sued hospital alleging negligence during his treatment. Trial court granted hospital's motion to dismiss based on patient's failure to file the complaint prior to the expiration of the statute of limitations. Patient appealed the dismissal. Because the trial court correctly determined that the statute of limitations commenced running when the patient was discharged, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
And Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Stephen W. Grace and Delain L. Deatherage, Nashville, Tennessee, for the appellant, Latisha Jackson.

Steven E. Anderson, Ashley Tipton, Nashville, Tennessee, for the appellee, Vanderbilt University Medical Center.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Thomas Jackson was hospitalized at Defendant/Appellee Vanderbilt University Medical Center ("VUMC") beginning on August 7, 2020. From all accounts, Mr. Jackson began developing skin breakdowns and pressure ulcers during that time. On August 24, 2020, Mr. Jackson was discharged from VUMC with instructions to follow up with his primary care physician. When his wounds worsened, on or about September 3, 2020, Mr. Jackson was taken to another wound treatment center not affiliated with VUMC. Mr.

Jackson was subsequently treated in VUMC's trauma center in September 2020.

On August 28, 2021, Mr. Jackson, then deceased[1] and by his next of kin, Plaintiff/Appellant Ms. Latisha Jackson ("Appellant"), sent VUMC written notice of a potential claim of medical negligence. Appellant then filed a complaint in the Circuit Court of Davidson County ("the trial court") on November 18, 2021. Therein she argued that VUMC had a duty to provide Mr. Jackson with medical care commensurate with the recognized standard of professional practice and that VUMC had breached that duty. Specifically, Appellant alleged that:

> [VUMC] failed to ensure that Mr. Jackson received appropriate care, monitoring, and treatment, to conduct comprehensive, accurate assessments; [VUMC] failed to accurately and properly conduct skin assessments, document findings, develop and update the plan of care and turn and reposition Mr. Jackson at least every two hours, to provide care to prevent the development of pressure ulcers and treat existing pressure ulcers; [VUMC] failed to develop, maintain and implement an adequate preliminary care plan for Mr. Jackson which addressed his needs, including but not limited to, prevention and treatment of infection, to establish and maintain an infection prevention and control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development of infections; [VUMC] failed to provide adequate staff to meet the needs of its residents; [VUMC] failed to provide care to prevent and/or prevent the progression of contractures; [VUMC] also failed to develop, maintain and implement adequate nursing care plans, including necessary revisions, based on Mr. Jackson's needs, including, but not limited to, prevention of infection.

Appellant further argued that VUMC's negligence caused Mr. Jackson to develop pressure ulcers, skin impairment, and infection, which required treatment resulting in additional medical expenses, physical pain, and mental and emotional distress.

Appellant also alleged in the complaint that "proper notice was given to [VUMC] pursuant to Tenn. Code Ann. § 29-26-121," and that this matter was "timely filed within one year and 120 days of the acts giving rise to the causes of action detailed herein." Neither the pre-suit notice letter nor an affidavit of compliance with the notice requirements were attached to the complaint.[2]

---

[1] Whether Mr. Jackson's cause of death was related to the alleged negligence of VUMC is unclear from this record. However, neither party has asserted that this case was improperly classified as a health care liability claim instead of an action for wrongful death.

[2] It appears that other documents were inadvertently filed along with the complaint, instead of the affidavit.

VUMC answered the complaint on January 12, 2022, admitting receipt of pre-suit notice and denying any negligence in treating Mr. Jackson. VUMC also raised the affirmative defenses of, inter alia, failure to comply with pre-suit notice requirements, and failure to file within the statute of limitations. Then, on January 18, 2022, VUMC filed a motion to dismiss the complaint along with a memorandum of law in support. VUMC alleged that not only should Appellant's complaint be dismissed without prejudice for failure to provide pre-suit notice, but that Appellant's failure to file within the statute of limitations made the complaint untimely and required dismissal with prejudice.

On February 7, 2022, Appellant responded in opposition to VUMC's motion to dismiss. Appellant alleged that the discovery rule tolled the statute of limitations until a legal cause of action could have been discovered, arguing that neither Mr. Jackson's release from VUMC care in August 2020, nor his follow up in September 2020 were the proper date to begin the statute of limitations period.[3] Appellant did not, however, provide any argument as to when the statute of limitations did begin running. In response to VUMC's argument that the failure to include an affidavit of compliance with the complaint required dismissal, Appellant argued that the inadvertent filing of the wrong attachment was insufficient, in the face of her substantial compliance with the notice requirements, to mandate dismissal. Contemporarily with her response to VUMC's motion, Appellant filed the affidavit meant to be included with the complaint, signed by her counsel and dated November 18, 2021. The pre-suit notice letter itself remained unfiled.

The trial court heard the motion to dismiss on February 11, 2022. In its March 28, 2022 memorandum opinion, the trial court found that Appellant had substantially complied

---

[3] After describing the tolling effect of the discovery rule, Appellant's argument was as follows:

> Here, [Appellant] has alleged the elements of medical negligence, and [Appellant] has alleged that [Mr. Jackson] began developing skin breakdowns while in [VUMC's] care and that he was released by [VUMC] on August 24, 2020 with no pressure wound care instructions or wound care medication. [Appellant] has alleged that [Mr. Jackson] thereafter was taken to another facility for wound care and treated for a month as he developed severe and infected wounds caused by [VUMC]. [Appellant] has alleged facts sufficient to establish a claim for medical negligence at the complaint/pre-discovery stage of this case.

(internal reference to record omitted). Then, after acknowledging the motion to dismiss burden of proof, Appellant argued:

> Here, [Appellant] has alleged a claim for medical negligence, brought timely within the discovery rule. The fact that [VUMC] released [Mr. Jackson] from his care in August, 2020 (with no wound care instructions, wound care medicine or referral for wound care treatment) and a follow up in September, 2020 does not establish that either such date began [Appellant's] statute of limitation to begin. [VUMC's] motion to dismiss should be denied.

with the statutory notice requirements. However, the trial court also found that Appellant's cause of action accrued on or before August 24, 2020, making the August 28, 2021 pre-suit notice untimely and thus unable to trigger the 120-day extension. Finding that Appellant had failed to file the complaint within the statute of limitations, the trial court granted VUMC's motion and dismissed Appellant's case with prejudice. Appellant filed her notice of appeal on April 18, 2022.

## II. ISSUE PRESENTED

Appellant raises only one issue for review, as stated in her brief:

1. Whether the Trial Court erred in ruling that the statute of limitations was expired when appellant's decedent filed this case.

## III. STANDARD OF REVIEW

Appellant appeals from the trial court's grant of VUMC's motion to dismiss. "A Rule 12.02(6) motion is an appropriate means of invoking the statute of limitations as a ground for dismissing a complaint." *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 330 (Tenn. 2020) (citing *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 455 n.11 (Tenn. 2012). In ruling on a motion to dismiss, "courts 'must construe the complaint liberally,' presume all alleged facts are true, and 'giv[e] the plaintiff the benefit of all reasonable inferences.'" *Cooper v. Mandy*, 639 S.W.3d 29, 33 (Tenn. 2022) (quoting *Ellithorpe v. Weismark*, 479 S.W.3d 818, 824 (Tenn. 2015)). The motion challenges only the legal sufficiency of the complaint and is resolved by examining the pleadings alone. *Ellithorpe*, 479 S.W.3d at 824 (quoting *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014)). Only if no set of facts can be proven to entitle the plaintiff to relief should the motion be granted. *Id.* (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). We review a trial court's decision on such a motion de novo without any presumption of correctness. *Id.* (citing *Phillips*, 442 S.W.3d at 237).

## IV. ANALYSIS

### A.

We first address VUMC's allegation that Appellant waived making any argument on appeal because her appellate brief fails to satisfy the requirements of Tennessee Rule of Appellate Procedure 27(a)(7). That rule requires the appellant's brief to include an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be

quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7).

As VUMC points out, while Appellant argues that the trial court erred in granting the motion to dismiss, Appellant does not provide an explanation as to the nature of the trial court's error. Instead, Appellant merely alleges that the trial court "was mistaken" and "erred in granting [VUMC's] motion to dismiss." The crux of Appellant's argument seems to be that "[t]he fact that [VUMC] released [Mr. Jackson] from his care in August, 2020 (with no wound care instructions, wound care medicine or referral for wound care treatment) and a follow up in September, 2020 does not establish that either such date began [Appellant's] statute of limitation to begin"—the same assertion used in response to VUMC's motion to dismiss. It is true that Appellant cites to authority regarding the discovery rule's tolling effect on the statute of limitations. However, Appellant does not explain how the discovery rule applies to the facts of this case, or, frustratingly, submit another, later date upon which her cause of action accrued and the statute of limitations began running.[4]

When a party fails to comply with Tennessee Rule of Appellate Procedure 27, appellate courts have the authority to dismiss the appeal. *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean v. Bean*, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000)). It is not the function of this court to "research and construct the parties' arguments," and a bare "skeletal argument that is really nothing more than an assertion will not properly preserve a claim[.]" *Newcomb v. Kohler Co.*, 222 S.W.3d 368 (Tenn. Ct. App. 2006) (citations omitted). Failure by a party to construct an argument regarding his or her position constitutes waiver of that issue. *Id.*; *see also Bean*, 40. S.W.3d at 56 ("This Court is under no duty to verify unsupported allegations in a party's brief[.]").

"The overriding intent of the Tennessee Rules of Appellate Procedure, however, is to allow cases to be resolved on their merits." *Riebsame*, 2019 WL 4667586, at *4 (citing Tenn. R. App. P. 1; *Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn. 1996)). After reviewing Appellant's brief, we must conclude that while it is not ideal, it is more than skeletal. As such, we decline to dismiss this appeal in its entirety based on Appellant's alleged failure to comply with Rule 27(a). *See id.* (addressing the merits of the case despite appellant's failure to explain how the trial court erred, "particularly in light of [the appellant's] pro se status, the abbreviated record, and the clarity of the issue presented."). Still, we note that Appellant is not shielded from the effects of her own briefing, as her failure to expand upon her arguments in this Court does have some effect on her success in this appeal, as detailed below. Moreover, we stress that future litigants should not construe our decision to address the merits of this case as an indication that we will be as

---

[4] It appears that Appellant's brief is merely a verbatim recitation of the argument made in the trial court. As such, the bulk of Appellant's legal argument is reproduced in footnote 3.

forgiving of similar briefing deficiencies in the future.

**B.**

Appellant argues that the trial court erred in dismissing her negligence claim based on the expiration of the statute of limitations. "In reviewing a dismissal based on expiration of the statute of limitations, we must consider three elements—the length of the limitations period, the accrual of the cause of action, and the applicability of any tolling doctrines." ***Woodruff by & through Cockrell v. Walker***, 542 S.W.3d 486 (Tenn. Ct. App. 2017) (citing ***Redwing***, 363 S.W.3d at 456). Here, determining the length of the limitations period is not difficult. There is no dispute that this is a health care liability action under the Tennessee Health Care Liability Act ("THCLA"). *See* Tenn. Code Ann. § 29-26-101(a)(1) (defining a health care liability action as any civil action "alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based"). Nor is there any disagreement that such actions have a statute of limitations of one year. *See* Tenn. Code Ann. § 29-26-116(a)(1) (citing Tenn. Code Ann. § 28-3-104(a)(1)). Although a plaintiff who complies with the notice requirements applicable under the THCLA receives a 120-day extension on the statute of limitations, receipt of the extension is predicated on the pre-suit notice being provided within the original limitations period. *See* Tenn. Code Ann. § 29-26-121(a)(3) (providing that notice is satisfied if, "within the statutes of limitations and statutes of repose applicable to the provider," notice is given personally or by mail); ***Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.***, 549 S.W.3d 77, 86 (Tenn. 2018) ("To satisfy the pre-suit notice requirement, the claimant must within the statute of limitations serve the notice by personal delivery or certified mail.") (footnote omitted). Here, Appellant contends that she sent the notice to VUMC on August 28, 2021. The question is, therefore, whether this notice was sent more than one year after the cause of action accrued and the one-year statute of limitations period began to run.

A cause of action generally accrues when an injury occurs. ***Woodruff***, 542 S.W.3d at 494 (citing ***Vandergriff v. ParkRidge East Hosp.***, 482 S.W.3d 545, 556 (Tenn. Ct. App. 2015)). Nonetheless, Tennessee has codified the common law discovery rule and "[i]n the event the alleged injury is not discovered within [the one-year statute of limitations], the period of limitations shall be one (1) year from the date of such discovery." Tenn. Code Ann. § 29-26-116(a)(2); *see also* ***Sherrill v. Souder***, 325 S.W.3d 584, 592 (Tenn. 2010) (outlining the history of Tennessee's discovery rule). Under this rule, a health care liability cause of action "accrues when one discovers, or in the exercise of reasonable diligence should have discovered, both (1) that he or she has been injured by wrongful or tortious conduct and (2) the identity of the person or persons whose wrongful conduct caused the injury." ***Sherrill***, 325 S.W.3d at 595. The discovery rule does not, however, toll the commencement of the statute of limitations until plaintiffs know the full extent of their damages, the exact nature of their legal claims, or all the facts affecting the merits of their

claims. *Redwing*, 363 S.W.3d at 459 (citations omitted). Rather, the cause of action accrues and the limitations period begins "not only when a plaintiff acquires actual knowledge of a claim but also upon a plaintiff's constructive or inquiry notice of a claim." ***Daffon v. Mem'l Health Care Sys., Inc.***, 605 S.W.3d 11, 20 (Tenn. Ct. App. 2019). Thus, while a plaintiff's constructive knowledge is typically a question of fact, "dismissal is appropriate where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff should not have known through the exercise of reasonable care and diligence that she was injured as a result of a defendant's wrongful conduct." ***Id.*** (citing ***Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 557–58 (Tenn. Ct. App. 2013)).

VUMC argues that Appellant's cause of action accrued no later than August 24, 2020, when Mr. Jackson was first discharged from its care and, therefore, that Appellant's claim was filed after the statute of limitations had run. Taking the allegations in Appellant's complaint as true and in the light most favorable to her, we agree. Appellant's complaint alleges that Mr. Jackson was admitted to VUMC's care on August 7, 2020. Throughout his stay, Mr. Jackson's "pre-existing conditions placed him at a high risk for the development of pressure ulcers, infection, and other complications." Appellant alleges that VUMC had a duty, inter alia, (1) to provide medical care sufficient "to prevent the development of pressure ulcers, skin breakdown, and infection" and (2) to ensure Mr. Jackson was "appropriately monitored to ensure he did not develop preventable wounds" and to properly treat any wounds Mr. Jackson developed. In "[m]id-August of 2020, Mr. Jackson began developing skin breakdowns that went on to be diagnosed as having had three pressure ulcers[.]" Mr. Jackson was discharged from VUMC care on August 24, 2020, "with no pressure ulcer wound care instructions" or pressure ulcer ointment. Although the complaint alleges that Mr. Jackson was later readmitted to VUMC, it is clear that the complaint alleges that Mr. Jackson was first injured on or before August 24, 2020, when VUMC was allegedly negligent in allowing Mr. Jackson to develop pressure wounds and then discharging him with no plan of care. These allegations are enough to establish that Mr. Jackson's injury occurred on or before August 24, 2020—in other words these allegations "are sufficient, in and of themselves, to establish [VUMC's] statute of limitations defense." *Redwing*, 363 S.W.3d at 464.

"When the undisputed facts establish a statute of limitations defense, as they do here, the burden shifts to the plaintiff 'to articulate at least a colorable basis for concluding that the statute of limitations has not run on his claims' under an equitable doctrine such as the discovery rule." ***Smith v. Hauck***, 469 S.W.3d 564, 571–72 (Tenn. Ct. App. 2015) (quoting *Redwing*, 363 S.W.3d at 465 (applying this burden-shifting framework to a motion to dismiss)). From the pleadings, it appears that Appellant seeks to apply the discovery rule to toll the one-year limitations period of her claim against VUMC. Thus, we must determine if Appellant has effectively argued that reasonable care and diligence could not have made Mr. Jackson's injury known prior to his discharge from VUMC's care.

As previously noted, Appellant's argument as to the application of the discovery rule on this case is conclusory. Appellant's brief mentions the treatment that Mr. Jackson received at VUMC after August 24, 2020, following her discussion of the rule's tolling effect. Although not stated as such, we infer from this reference that Appellant submits that Appellant did not and could not know of Mr. Jackson's injury until he was readmitted to VUMC and provided with wound care instructions in September 2020. Respectfully, to the extent that this argument was even made by Appellant, we cannot agree.

Importantly, the discovery rule does not toll the limitations period until plaintiffs know the full extent of their injuries. **Redwing**, 363 S.W.3d at 459 (citing **B & B Enters. of Wilson Cnty., LLC v. City of Lebanon**, 318 S.W.3d 839, 849 (Tenn. 2010). By the same token, a plaintiff cannot delay filing suit "until all injurious effects or consequences of the actionable wrong are fully known." **Weber v. Moses**, 938 S.W.2d 387, 393 (Tenn. 1996). Instead, "once a plaintiff gains information sufficient to alert a reasonable person of the need to investigate 'the injury,' the limitation period begins to run." **Sherrill**, 325 S.W.3d at 594 n.7 (quoting **Rathje v. Mercy Hosp.**, 745 N.W.2d 443, 461 (Iowa 2008)).

Appellant simply did not meet her burden to establish a colorable basis to show that the statute of limitations does not bar her claim. Other than a conclusory reference to the care that occurred in September 2020, Appellant has not provided any argument to suggest that Mr. Jackson's injury or VUMC's alleged negligence were not known and could not have been discovered at the time of his August 24, 2020 discharge. Nothing in Appellant's complaint indicates that Mr. Jackson's injury was concealed at the time of his discharge or that it was unknown that VUMC was the entity providing the allegedly negligent care. Moreover, nothing in Appellant's complaint or argument suggests that by August 24, 2020, Mr. Jackson did not, at least, have "information sufficient to alert a reasonable person of the need to investigate 'the injury'" **Durham v. Est. of Losleben**, 624 S.W.3d 492, 499 (Tenn. Ct. App. 2020), *perm. app. denied* (Tenn. Apr. 8, 2021) (quoting **Sherrill**, 325 S.W.3d at 594 n.7).

Instead, Appellant's complaint alleges that Mr. Jackson was suffering from an injury as of August 24, 2020, to such an extent that the alleged failure to provide him with at-home wound care instructions was negligent. Indeed, the focus of Appellant's complaint appears to be the pressure ulcers Mr. Jackson developed prior to August 24, 2020. Although Mr. Jackson's treatment at a separate facility and his return to VUMC care in September 2020 were briefly mentioned, Appellant at no point argues that these follow-up visits constituted a separate injury rather than the deterioration of the injury sustained prior to Mr. Jackson's initial discharge from VUMC care. In fact, Appellant's complaint does not actually allege that any negligence occurred upon Mr. Jackson's readmission to VUMC; the only negligence mentioned occurred on or before August 24, 2020. *Cf. PNC Multifamily Cap. Inst. Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 537 (Tenn. Ct. App. 2012) (noting that while "a complaint 'need not contain in minute detail the facts

that give rise to the claim,' the complaint must 'contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial'" (quoting ***Donaldson v. Donaldson***, 557 S.W.2d 60, 61 (Tenn. 1977))).

Without more, even giving Appellant the benefit of all reasonable inferences in her favor, the only reasonable conclusion to be made from the allegations contained in Appellant's complaint is that Mr. Jackson's injury and VUMC's role in that injury should have been discovered on or before August 24, 2020. *See **Roe v. Jefferson***, 875 S.W.2d 653, 658 (Tenn. 1994) (affirming judgment as a matter of law when "no reasonable trier of fact could find that [the plaintiff] was unaware that she had suffered an injury for purposes of the discovery rule"); ***Durham***, 624 S.W.3d at 503 (holding that the defendant was entitled to judgment as a matter of law because the undisputed facts led to the conclusion that the plaintiff had all the facts necessary to place her on inquiry notice of the injury more than one year prior to the filing of the complaint). From this record and the arguments presented to this Court, we therefore cannot say that Appellant has articulated a colorable basis for us to conclude that the discovery rule should apply here to avoid VUMC's statute of limitations defense. *See **Redwing***, 363 S.W.3d at 463–67 (finding defendant made out a prima facie defense based on the statute of limitations, but denying motion to dismiss when plaintiff alleged sufficient facts, which, if proven, would show he acted with reasonable diligence to determine the identity of the wrongdoer and thus toll the limitations period). Thus, Appellant has not met her burden and the trial court correctly found that the statute of limitations on Appellant's claim began running on August 24, 2020.

With that in mind, we turn to the trial court's finding that Appellant's complaint was untimely. Appellant sent VUMC her pre-suit notice on August 28, 2021. Appellant then filed her complaint on November 18, 2021. Being filed within 120 days of the pre-suit notice, the complaint was timely if the pre-suit notice was filed within the statute of limitations. *See* Tenn. Code Ann. § 29-26-121. However, the one-year statute of limitations on Appellant's claim expired on August 24, 2021. Thus, the pre-suit notice was filed after expiration of the limitations period and Appellant was not entitled to the additional time in which to file her complaint. The last day on which Appellant's health care liability action could have been filed, without the benefit of the 120-day extension, was August 24, 2021. Because no set of facts could have entitled Appellant to recovery, we affirm the trial court's dismissal of the November 18, 2021 complaint based on expiration of the statute of limitations.[5]

---

[5] VUMC also argues the trial court should have considered Appellant's failure to include with the complaint an affidavit of compliance to be another basis for dismissal. However, as our consideration of the previous issue has fully disposed of this case, VUMC's alternative ground for dismissal is pretermitted. *See **Tennessee Dep't of Safety & Homeland Sec. v. Shell***, No. M2021-00108-COA-R3-CV, 2022 WL 1410643, at *4 (Tenn. Ct. App. May 4, 2022), *appeal denied* (Sept. 29, 2022) ("Indeed, this Court often pretermits consideration of alternative arguments when they are not necessary to provide the parties full relief." (collecting cases)).

## V. CONCLUSION

The judgment of the Circuit Court of Davidson County is affirmed and this case is remanded to the trial court for all further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, Latisha Jackson, for which execution may issue if necessary.

S/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE